# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| GREEN ENTERPRISES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DUAL CORPORATE RISKS LIMITED; HISCOX SYNDICATES LIMITED AT LLOYD'S OF LONDON; XL CATLIN LLOYD'S SYNDICATE 2003; AMLIN LLOYD'S SYNDICATE 2001; CANOPIUS LLOYD'S SYNDICATE 4444; NOA LLOYD'S SYNDICATE 3902; BLENHEIM LLOYD'S SYNDICATE 5886; BRIT LLOYD'S SYNDICATE 2987/2988; CORRIE BAUCKHAM BATTS LIMITED; LIMEBRIDGE LLC; WILFREDO FIGUEROA NAZARIO; INSURANCE COMPANIES A, B, C, Y, D, <br><br> Defendants, <br><br> ORIENTAL BANK; UNIVERSAL FINANCE, INC., <br><br> Interested Parties. | Case No.: 20-1243 |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

Pursuant to 9 U.S.C. §§ 203 and 205, Defendants Hiscox Syndicates Limited at Lloyd's of London; XL Catlin Lloyd's Syndicate 2003; Amlin Lloyd's Syndicate 2001; Canopius Lloyd's Syndicate 4444; NOA Lloyd's Syndicate 3902; Blenheim Lloyd's Syndicate 5886; Brit Lloyd's Syndicate 2987/2988 ("Underwriters"), by and through their undersigned counsel, hereby submit this Notice of Removal, showing the Court as follows:

**Background**

1.

Plaintiff Green Enterprises, LLC ("Plaintiff") filed a lawsuit in the Puerto Rico Court of First Instance, Mayaguez[1] (the "Puerto Rico Action"). The Puerto Rico Action is styled: *Green Enterprises, LLC v. Dual Corporate Risks Limited, et al.*, Case No. MZ2020-cv-00371.

2.

As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers or exhibits in the Puerto Rico Action are attached as Exhibit A.

3.

The Puerto Rico Action arises out of a policy of insurance, Policy No. DCC-1903971/ACC-1903971 (the "Policy"), issued to Plaintiff to which Underwriters subscribe. The Policy provides certain insurance coverage to Green Enterprises, LLC, for the period of October 22, 2019, to October 22, 2020, for property and certain equipment located at Building No. S-1170-03-97, PR-333, Guánica, Puerto Rico 00653 (the "Property"), subject to the Policy's terms, conditions, limitations, and exclusions. A copy of the Policy is attached as Exhibit B.

4.

The Puerto Rico Action asserts various causes of action against Underwriters and Defendants Dual Corporate Risks Limited, Corrie Bauckham Batts Limited, Limebridge LLC, Wilfredo Figueroa Nazario, and Insurance Companies A, B, C, Y, D (Defendants") arising out of the underwriting of the Policy and Plaintiff's claim under the Policy following a fire at the Property.

---

[1] Underwriters note that the Puerto Rico Action is filed in the wrong judicial region. The insured property is located in Guánica, which is within the Ponce Judicial region, not the Mayaguez region. Ultimately, this is immaterial to Underwriters' Notice of Removal.

5.

The Policy contains an arbitration provision that provides as follows:

If the Insured and the Underwriters fail to agree in whole or in part regarding any aspect of this Policy, each party shall, within ten (10) days after the demand in writing by either party, appoint a competent and disinterested arbitrator and the two chosen shall before commencing the arbitration select a competent and disinterested umpire. The arbitrators together shall determine such matters in which the Insured and the Underwriters shall so fail to agree and shall make an award thereon, and if they fail to agree, they will submit their differences to the umpire and the award in writing of any two, duly verified, shall determine the same.

The Parties to such arbitration shall pay the arbitrators respectively appointed by them and bear equally the expenses of the arbitration and charges of the umpire.

Exhibit B, Policy Wording, at p. 12.

6.

Underwriters invoked the Policy's arbitration provision on April 20, 2020 – three (3) days before Plaintiff filed the Puerto Rico Action. A copy of this letter is attached as Exhibit C. Plaintiff has refused and/or failed to participate in arbitration.

7.

Given that Plaintiff filed the Puerto Rico Action prior to the ten (10) day deadline to appoint arbitrators, Underwriters have not yet appointed a competent and disinterested arbitrator. Underwriters have not received notice of Plaintiff's arbitrator selection.

8.

Underwriters' Notice of Filing of this Notice of Removal shall be promptly filed with the Clerk of the Court for the Puerto Rico Court of First Instance, Mayaguez, pursuant to 28 U.S.C. § 1446(d).

9.

To Underwriters' knowledge, no other Defendants have been served in this matter. However, Underwriters understand that Dual Corporate Risks Limited consent to Underwriters'

removal of the Puerto Rico Action to this Court and to the resolution of the claims against it in arbitration.

<strong>Jurisdiction &amp; Grounds for Removal</strong>

10.

The Puerto Rico Action is removable to this Court under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), implemented by the United States Congress through 9 U.S.C. §§ 201–208 of the Federal Arbitration Act (the "FAA"). The Convention is an international treaty governing the recognition and enforcement of foreign arbitration agreements and arbitral awards. The strong federal policy favoring arbitration embodied by the FAA applies with special force in the field of international commerce. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth,* 473 U.S. 614, 631 (1985).

11.

Section 203 of the FAA explicitly grants this Court original jurisdiction over any "action or proceeding falling under the Convention," regardless of the amount in controversy. 9 U.S.C. § 203. Moreover, under federal law, "[t]he district courts *shall* have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal law states that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States." *Ledee v. Ceramiche Ragno*, 528 F. Supp. 243, 2445 (D.P.R. 1981), *aff'd*, 684 F.2d 184 (1st Cir. 1982) (quoting 9. U.S.C. § 203)

12.

As to removal of actions implicating the Convention,  § 205 of the FAA provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the

district court of the United States for the district and division
embracing the place where the action or proceeding is pending. The
procedure for removal of causes otherwise provided by law shall
apply, except that the ground for removal provided in this section
need not appear on the face of the complaint but may be shown in
the petition for removal.

9 U.S.C. § 205.

13.

To demonstrate that removal is proper under the Convention, the removing defendant must

show that "(1) the arbitration clause at issue 'falls under the Convention' pursuant to § 202; and

(2) the state court litigation 'relates to' the arbitration clause for the purposes of § 205." *Simmons*

*v. Sabine River Auth. of Louisiana*, 823 F. Supp. 2d 420, 428 (W.D. La. 2011).

14.

This removal is timely filed, because 9 U.S.C. § 205 permits a party to remove an action

that falls within the scope of the Convention "at any time before... trial." *Id*. at 427. Underwriters

file this Notice of Removal before trial, and no trial date has been set. Therefore, Underwriters

have complied with the requirements of 9 U.S.C. § 205.

**The Policy's Arbitration Provision Falls Under the Convention**

15.

Federal courts consider four factors in evaluating whether an arbitration agreement "falls

under" the Convention. To meet its burden, a defendant seeking removal must show: (1) a written

agreement to arbitrate the matter; (2) the agreement provides for arbitration in the territory of a

signatory of the Convention; (3) the agreement arises out of a commercial legal relationship; and

(4) a party to the agreement is not an American citizen." *Ledee v. Ceramiche Ragno*, 684 F.2d 184,

186-87 (1st Cir. 1982) (citing 9 U.S.C. § 202); *Freudensprung v. Offshore Tech. Servs., Inc.*, 379

F.3d 327, 339 (5th Cir. 2004).

5

16.

The arbitration provision readily meets the first factor, as the subject arbitration provision is contained in the written Policy. The enforceability of the Policy and its terms and provisions is not in dispute as Plaintiff itself brings the Puerto Rico Action alleging breach of the Policy.

17.

Plaintiff, however, argues in its Complaint in the Puerto Rico Action that the arbitration provision is invalid under Article 11.190 of the Puerto Rico Insurance Code. As explained further in Underwriters' contemporaneously filed Motion to Compel Arbitration, the arbitration provision is enforceable and any argument that the arbitration provision does not comply with state law is not supported, as the FAA operates to preempt Puerto Rico law. *See Integrand Assurance Co. v. Everest Reinsurance Co.*, No. 3:19-cv-01111, 2019 WL 4580135 (D.P.R., April 26, 2019); *Ledee*, 684 F.2d at 187.

18.

Section 2 of the FAA provides that:

[a] written provision in any [...] contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2; *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 343 (2011) (Section 2 of the FAA reflects a federal policy favoring arbitration, and is not intended to preserve state-

law rules that stand as an obstacle to the accomplishment of the FAA's objectives); *Kindred Nursing Ctrs. Ltd. P'Ship v. Clark*, 137 S.Ct. 1421, 1426 (2017) (the FAA "preempts any state rule discriminating on its face against arbitration" or any rule which "covertly accomplishes the same objective by disfavoring contracts that ... have the defining features of arbitration agreements"); *Hawayek v. A.T. Cross Co*., 221 F. Supp. 2d 254, 256 (D.P.R. 2002) ("The Supreme Court has consistently held that the FAA preempts any state statutory prohibitions which conflict with the goals and policies of the FAA."); *Medika Int'l v. Scanlan Int'l*, 830 F. Supp. 81, 84 (D.P.R. 1993) ("The Federal Arbitration Act preempts the Puerto Rico Dealers' Act to the extent that it negates, as against public policy, arbitration clauses which provide for arbitration of controversies outside of Puerto Rico, or under foreign law or rule of law."); *Audio Visual Concepts, Inc. v. Smart Techs., ULC*, 2011 WL 4344034, at *3 (D.P.R. Sept. 14, 2011) ("state laws…that single out arbitration agreements are preempted."); *Integrand*, Case No. 3:19-cv-111-DRD at *25 (D.P.R. Dec. 4, 2019) (recognizing that the FAA "trumps any state law that undermines the liberal federal policy favoring arbitration.").

19.

As to the second factor, while the Policy's arbitration provision does not specify a location for the arbitration, under the FAA's default provisions, the arbitration would occur in Puerto Rico. *Internaves de Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, 898 F.3d 1087, 1092–93 (11th Cir. 2018) ("However, if the parties agreed to arbitrate, but failed to 'provide[ ] for' a forum, then the court must compel arbitration, but only within its own district pursuant to the provisions found in . . . 9 U.S.C. § 4."). Puerto Rico is a territory of the United States, which is a signatory to the Convention.

20.

As to the third factor, Federal Courts have found that in subscribing to insurance policies, Underwriters are engaged in commercial relationships with policyholders for the purposes of removal under the Convention. *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, Subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 520 n. 5 (3d. Cir. 2009); *Best Concrete Mix Corp. v. Lloyd's of London Underwriters*, 413 F. Supp. 2d 182, 189 (E.D.N.Y. 2006).

21.

Finally, as to the fourth factor, the Underwriters are organized under the laws of England and Wales, with principal places of business in London.

22.

Thus, all four factors are satisfied here: (1) the Policy is an agreement in writing; (2) the Policy provides for arbitration, which will occur in Puerto Rico, which is part of the United States, a signatory to the Convention; (3) the Policy arises out of a commercial relationship; and (4) Underwriters are not American citizens.

23.

Accordingly, the Policy's arbitration provision "fall[s] under" the Convention. 9 U.S.C. §§ 202, 205.

**The Policy's Arbitration Provision "Relates To" The Parties' Dispute**

24.

An arbitration agreement "relates to" a suit for the purposes of removal under 9 U.S.C. § 205 "whenever [the] arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case." *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002); *Reid v. Doe Run Res. Corp.*, 701 F.3d 840 (8th Cir. 2012); *Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*,

631 F.3d 1133 (9th Cir. 2011); *Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316

(11th Cir. Aug. 30, 2018).[2]

25.

Under this standard:

> [T]he district court will have jurisdiction under § 205 over just about any suit in
> which a defendant contends that an arbitration clause falling under the Convention
> provides a defense. As long as the defendant's assertion is not completely absurd
> or impossible, it is at least conceivable that the arbitration clause will impact the
> disposition of the case. That is all that is required to meet the low bar of "relates
> to."

*Beiser*, 284 F.3d at 669.

Courts also generally hold that the "relates to" standard is met when a party argues that a

lawsuit is improper and that the subject dispute should be arbitrated pursuant to the Convention. *Id*.

at 669–70; *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc*., 866 F.3d 709, 713 (5th Cir. 2017).

Even if the moving party is ultimately wrong on the merits (though that is not the case here),

removal is still proper if the moving party's arguments in support of the applicability of arbitration

are "not frivolous." *Beiser*, 284 F.3d at 669.

26.

The Policy's arbitration agreement plainly "relates to" to the Puerto Rico Action under the

foregoing standards. The arbitration agreement covers disputes between the Parties regarding "any

aspect of this Policy." Exhibit B, Policy Wording, at p. 12. The Puerto Action is predicated on

Underwriters' duties and obligations under the Policy and their alleged breaches thereof. *See*

Exhibit A at ¶¶ 38-47. Moreover, the remaining causes of action against the Defendants are pled

---

[2] While the First Circuit has not expressly adopted the "conceivably affect" standard outlined above, this Court has
embraced a broad view of "relates to" for purposes of removal under the FAA and the Convention. *See Air-Con, Inc.
v. Daikin Applied Latin Am. LLC*, No. 15-2683 (GAG), 2016 WL 4991513, at *6 (D.P.R. Sept. 19, 2016) (expressing
agreement with the "conceivably affect" standard).

in the alternative and relate to the Defendants' purported negligence and breach of contractual obligations in obtaining the Policy. Exhibit A at ¶¶ 48-51. Thus, the remaining claims should be resolved exclusively in arbitration or stayed pending the outcome of the claims against Underwriters. *Green Isle Partners, Ltd., S.E. v. Resort Builders, S.E.*, 97 F. Supp. 2d 197, 198 (D.P.R. 2000). Further, Underwriters have advised the Plaintiff of the intent to invoke arbitration. *See* Exhibit C. Thus, Underwriters have satisfied their burden of demonstrating that, at the very minimum, they have presented "not frivolous" arguments that the Policy's arbitration provision "could conceivably affect the outcome" of the case. Indeed, federal courts have previously affirmed removal under the FAA in far more tenuously-connected circumstances than those present here. *See Century Indem. Co.*, 584 F.3d at 555–56 (affirming arbitration award after removal of lawsuit to federal court pursuant to Convention and compelling of arbitration of a dispute regarding a retrocessional agreement that incorporated the underlying reinsurance treaties' arbitration clause providing for arbitration of "any dispute . . . with reference to the interpretation of this Agreement or [the parties'] rights with respect to any transaction involved.").

27.

Because the Policy's arbitration provision "could conceivably affect the outcome" of the Puerto Rico Action, the arbitration provision therefore "relates to" the Puerto Rico Action for the purposes of removal under 9 U.S.C. § 205. Thus, the Policy's arbitration agreement both "fall[s] under" the Convention and "relates to" the subject matter of this proceeding, and removal is appropriate.

28.

The issue of removal is a jurisdictional one, and in determining the propriety of removal to federal court under 9 U.S.C. § 205, the Court's inquiry should be confined to the factors set forth

above. This initial jurisdictional inquiry is distinct from a determination as to whether the parties are bound to arbitrate or whether the claims asserted against the party seeking removal are arbitrable. *Bautista v. Star Cruises*, 396 F.3d 1289, 1301 (11th Cir. 2005); *see also, Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1324 (11th Cir. Aug. 30, 2018) ("Thus, in determining jurisdiction the district court need not—and should not—examine whether the arbitration agreement binds the parties before it.").

### Conclusion

29.

Based on the foregoing, this Court has original jurisdiction over the Puerto Rico Action pursuant to the Convention, and therefore, it is properly removable to this Court under 9 U.S.C. §§ 202, 205.

**WHEREFORE**, Underwriters pray that the Puerto Rico Action now pending in the Puerto Rico Court of First Instance be removed therefrom to this Court.

Respectfully submitted this 26th day of May, 2020.

*s/ Fernando Sabater-Clavell*
Fernando Sabater-Clavell, Esq.
Bar Number: 228003
fsabater@scvrlaw.com

**SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C.**
166 Avenida de la Constitución
San Juan, Puerto Rico  00901
Tel. (787) 289-9250
Fax (787) 289-9253

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO**

GREEN ENTERPRISES, LLC,

        Plaintiff,

v.

DUAL CORPORATE RISKS LIMITED;
HISCOX SYNDICATES LIMITED AT
LLOYD'S OF LONDON; XL CATLIN
LLOYD'S SYNDICATE 2003; AMLIN
LLOYD'S SYNDICATE 2001; CANOPIUS
LLOYD'S SYNDICATE 4444; NOA
LLOYD'S SYNDICATE 3902; BLENHEIM
LLOYD'S SYNDICATE 5886; BRIT
LLOYD'S SYNDICATE 2987/2988; CORRIE
BAUCKHAM BATTS LIMITED;
LIMEBRIDGE LLC; WILFREDO
FIGUEROA NAZARIO; INSURANCE
COMPANIES A, B, C, Y, D,

        Defendants,

ORIENTAL BANK; UNIVERSAL
FINANCE, INC.,

        Interested Parties.

Case No.: 20-1243

## CERTIFICATE OF SERVICE

**COMES NOW** Defendants Hiscox Syndicates Limited at Lloyd's of London; XL Catlin Lloyd's Syndicate 2003; Amlin Lloyd's Syndicate 2001; Canopius Lloyd's Syndicate 4444; NOA Lloyd's Syndicate 3902; Blenheim Lloyd's Syndicate 5886; Brit Lloyd's Syndicate 2987/2988 ("Underwriters"), by and through their undersigned counsel, states and pray as follows:

1.      This is to certify that I have this day served counsel for all parties in this action with a copy of the foregoing **NOTICE OF REMOVAL** by email and U.S. Mail Postage upon the following:

12

José A. André Fuentes
**BUFETE ANDRÉU & SAGARDÍA**
261 Ave. Domenech
San Juan, Puerto Rico 00918
jaf@andreau-sagardia.com

This 26th day of May, 2020.

*s/ Fernando Sabater-Clavell*
Fernando Sabater-Clavell, Esq.
Bar Number: 228003
fsabater@scvrlaw.com

*s/ Ian P. Carvajal*
Ian P. Carvajal, Esq.
Bar Number: 212003
icarvajal@scvrlaw.com

**SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C.**
166 Avenida de la Constitución
San Juan, Puerto Rico 00901
Tel. (787) 289-9250
Fax (787) 289-9253