

**EXHIBIT A**

| | |
|---|---|
| **DATE OF TRANSLATION:** | 15-May-20 |
| **ELECTRONIC FILE NAME:** | DEMANDA GREEN ENTERPRISES - RADICADA (00580557xA9C01) |
| **SOURCE LANGUAGE:** | Spanish |
| **TARGET LANGUAGE:** | English |
| **TRANSPERFECT JOB ID:** | US0703007 |

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

COMMONWEALTH OF PUERTO RICO
DISTRICT COURT
SUPERIOR CHAMBER OF MAYAGÜEZ

| | |
|---|---|
| GREEN ENTERPRISES, LLC <br><br> PLAINTIFF <br><br> v. <br><br> DUAL CORPORATE RISKS LIMITED; HISCOX SYNDICATES LIMITED AT LLOYD'S OF LONDON; XL CATLIN LLOYD'S SYNDICATE 2003; AMLIN LLOYD'S SYNDICATE 2001; CANOPIUS LLOYD'S SYNDICATE 4444; NOA LLOYD'S SYNDICATE 3902; BLENHEIM LLOYD'S SYNDICATE 5886; BRIT LLOYD'S SYNDICATE 2987/2988; CORRIE BAUCKHAM BATTS LIMITED; LIMEBRIDGE LLC; WILFREDO FIGUEROA NAZARIO; INSURANCE COMPANIES A, B, C AND D. <br><br> DEFENDANTS <br><br> ORIENTAL BANK; UNIVERSAL FINANCE, INC. <br><br> INTERESTED PARTIES | CIVIL NO. <br><br> MATTER: <br><br> DECLARATORY JUDGMENT; BREACH OF INSURANCE CONTRACT; COLLECTION OF FUNDS; DAMAGES AND LOSSES |

## CLAIM

TO THE HONORABLE COURT:

The plaintiff, Green Enterprises, LLC, hereby APPEARS through the undersigned legal representative and very respectfully SETS FORTH, ALLEGES and REQUESTS:

### I.

### THE PARTIES

1.     The plaintiff Green Enterprises LLC (hereinafter Green Enterprises) is a limited liability company organized under the laws of Puerto Rico to engage in the tire recycling business in Puerto Rico. Its address is MS 57 Vía Arcoíris, Urb. Mansión del Sol, Sabana Seca, Puerto Rico 00653.

2.     The defendant Dual Corporate Risks Limited (hereinafter Dual Aqua) is a company registered in the United Kingdom under number 4160680 and in its capacity as "Underwriter Coverholder" was authorized by the London Insurers Syndicate, to be described below, to underwrite in its name the insurance policy issued in this case in favor of the plaintiff Green Enterprises, all under "Unique Market Reference" numbers B0429BA1903524 and 526.

For purposes of the Puerto Rico Insurance Code, the plaintiff Dual Aqua is considered an insurance company not authorized in Puerto Rico and ineligible to issue surplus lines insurance. Its address is One Creechurch Place, London EC3A 5AF, United Kingdom.

3.      The defendants Hiscox Syndicates Limited at Lloyd's of London; Xl Catlin Lloyd's Syndicate 2003; Amlin Lloyd's Syndicate 2001; Canopius Lloyd's Syndicate 4444; Noa Lloyd's Syndicate 3902; Blenheim Lloyd's Syndicate 5886; Brit Lloyd's Syndicate 2987/2988 (hereinafter identified jointly as the "Insurers Syndicate") are Insurers Syndicates of Lloyd's of London, which, through the defendant Dual Aqua, and with the participation of all the defendants, issued the insurance policy to which this case refers in favor of the plaintiff Green Enterprises. For purposes of the Puerto Rico Insurance Code, the Insurers Syndicate is considered an insurance company not authorized in Puerto Rico and ineligible to issue surplus lines insurance.

4.      The defendant Corrie Bauckham Batts Limited (hereinafter "CBB") is a United Kingdom company engaged in insurance brokerage, which, together with all the defendants, participated in the efforts to obtain, sell and underwrite the insurance policy to which this case refers. CBB is not licensed to act as a producer, Authorized Representative or General Agent for the insurance business in Puerto Rico. Its address is Suite 405, The Loom, 14 Growers Walk, London E1 8PY, United Kingdom.

5.      The defendant Lime Bridge LLC (hereinafter "Lime Bridge") is a limited liability company organized under the laws of Puerto Rico, licensed by the Puerto Rico Insurance Commission for the production and brokerage of surplus lines insurance policies, which, together with all the defendants, participated in the efforts to obtain, sell and underwrite the insurance policy to which this case refers. Its address is 1605 Avenida Ponce De León, Suite 211, San Juan, Puerto Rico 00912.

6.      The defendant Wilfredo Figueroa Nazario (hereinafter Figueroa) is an individual, of legal age, residing in Puerto Rico and licensed by the Puerto Rico Insurance Commission to act as Producer or Authorized Insurance Representative in Puerto Rico, who, together with all the defendants, participated in the efforts to obtain, sell and underwrite the insurance policy to which this case refers. His address is: P.O. Box 79656, Carolina, P.R. 00984-9656.

2

7.     The defendants Insurance Companies A, B, C and D are insurance companies of unknown name that issued insurance policies to cover damages and losses that might be caused to their clients or to third parties by defendants Dual Aqua, CBB and Lime Bridge and defendant Figueroa in their actions as insurance brokers, producers, agents or authorized representatives or as a result of their business activities or their fraudulent or negligent actions with respect to obtaining, selling and underwriting the insurance policy issued in favor of Green Enterprises to which this case refers.

## II.

## INTERESTED PARTIES

8.     Oriental Bank is a financial institution authorized to do business in Puerto Rico and an additional insured under the insurance policy referenced in this claim, and therefore is an indispensable party and has an interest in the results of this claim. Its physical address is: 254 Muñoz Rivera Ave., Oriental Center, Hato Rey, P.R. 00918.

9.     Universal Finance, Inc. is an insurance premium financing company organized under the laws of Puerto Rico, which financed the plaintiff for part of the premium to obtain the insurance policy to which this case refers. It is an indispensable party in this case as it has a preferential right to collect the benefits of the insurance policy to which it refers, the premium not accrued, and the amount owed from the financing. Its address is: P.O. Box 71493, San Juan, P.R. 00936-8593.

## III.

## THE FACTS

10.     The Government of Puerto Rico has created programs that promote the elimination and collection of discarded motor vehicle tires to prevent the spread of infectious diseases, such as dengue and chikungunya, as part of the government's interest to promote public health.

11.     The plaintiff Green Enterprises was created to engage in the business of tire recycling in Puerto Rico, sponsored by the Government of Puerto Rico. To that end, Green Enterprises proposed to use a new technology that would pulverize tires discarded and collected as a result of the Puerto Rican Government tire recycling program, for reuse and conversion to raw materials for road asphalt, boiler fuel and other similar products.

12.    To site its recycling plant, Green Enterprises leased from the Puerto Rican Government's Compañía de Fomento Industrial (hereinafter PRIDCO) the plant where the former Hanes factory was located in the Carenero Industrial Park in Guánica, Puerto Rico.

13.    For remodeling the plant and purchasing the necessary equipment, Green Enterprises obtained bank financing from Oriental Bank, with the endorsement of the United States Small Business Administration (hereinafter SBA).

14.    Further, for the recycling process, Green Enterprises purchased a rubber crushing machine from a manufacturer in China at a cost of 6.5 million dollars, as well as other equipment needed to operate the business.

15.    As part of the bank financing requirements, for a cost of 150,000 dollars, Green Enterprises acquired from the defendants insurance policy number DCC- 1903971/ACC-1903971 issued by Dual Aqua and the Insurers Syndicate to cover damages and losses that might be incurred by the building leased from PRIDCO, and the acquired machinery and equipment.

16.    Green Enterprises fulfilled all requirements and requests issued by the defendants to issue the policy, all to the satisfaction of the defendants, who issued the insurance policy requested by the plaintiff.

17.    The aforementioned insurance policy covers losses incurred by the building, up to a maximum of One million dollars, and losses incurred by the acquired machinery and equipment, up to a maximum of 6.5 million dollars, due to fire, vandalism, hurricane or earthquake, and other risks.

18.    Further, said insurance policy had a term of October 22, 2019 to October 22, 2020 and included as additional insureds Oriental Bank and the SBA, as well as the plaintiff Green Enterprises.

19.    In addition to damages for loss of the building and machinery, and the possible occurrence of an incident covered by the policy, the policy also provided coverage of the expenses of cleaning of pollutants, collecting rubble and preparing the insurance company's claim, among other additional coverages.

20.     For underwriting the insurance policy in question, none of the defendants who intervened in the measures to obtain, sell and underwrite it requested that plaintiff Green Enterprises complete a written application or any written questionnaire or document related to operation of the business or any aspect thereof or of the property or risk to be insured.

21.     In fact, prior to issuing and underwriting the policy, none of the defendants requested plaintiff Green Enterprises to have any fire extinguishing system installed, operating or functioning as a condition for underwriting or validity.

22.     On the contrary, when making efforts to obtain, sell and underwrite the insurance policy in question, all the defendants knew or should have known that the Green Enterprises plant had not commenced operations and was in the process of renovation, construction and installation, and assembly of the equipment and machinery.

23.     Thus, on November 14, 2019, prior to commencing operations, while the building's renovation was in the process of completion and the recently acquired machinery was in the process of assembly, a fire of immense proportion occurred in the insured property that resulted in total destruction of the building and all equipment inside, including the new machinery in the process of assembly. To date, the cause of the fire in question is unknown.

24.     As a result, all defendants were notified of the incident on the same day as its occurrence.

25.     Further, on November 21, 2019, plaintiff Green Enterprises formally filed written claim to defendants Dual Aqua and the Insurers Syndicate for payment for the damage caused by the fire to the building and insured machinery, as well as a funds advance to cover the expenses of preparing the claim, disposing of the rubble and cleaning pollutants, all consistent with the terms and conditions set forth in the insurance policy.

26.     Similarly, on November 22, 2019, Oriental Bank forwarded its written claim to defendants Dual Aqua and the Insurers Syndicate, also claiming payment for the benefits of the insurance policy in question.

27.     As part of its claim, plaintiff Green Enterprises provided Dual Aqua and the Insurers Syndicate and its adjusters with all requested documents and all necessary cooperation for an adequate investigation and claim adjustment, including complete access to the building and destroyed machinery for inspection and assessment by the adjusters, as well as the corresponding invoices and loss estimates.

28.     Notwithstanding the above, on December 20, 2019, Dual Aqua and the Insurers Syndicate sent a communication to the plaintiff setting forth that: 1) to complete the assessment and claim adjustment, they needed to interview under oath a Green Enterprises official with knowledge of the events and additional documents; 2) they refused the funds advance requested by the plaintiff for cleaning expenses and disposal of rubble; and 3) they expressed the intent to reserve the right to deny coverage for payment of the claimed loss, on the argument that Green Enterprises engaged in misrepresentation by supposedly stating, at the time it requested the insurance policy, that the building to be insured had an automated fire extinguishing system (sprinklers) that was in operation and functioning.

29.     On January 7, 2020, the plaintiff sent a communication refuting the charges of misrepresentation and insisting on its right to be compensated for losses claimed under the insurance policy in question. However, trusting in the defendants' good faith, the plaintiff continued cooperating with defendants Dual Aqua and the Insurers Syndicate, and on February 14, 2020, permitted their agents or representatives to interview the Green Enterprises Chairman and his principal advisor under oath, after Green Enterprises had, for that purpose, provided all the abundant additional documentation requested in the communication of December 20, 2019 and other subsequent communications.

30.     On April 20, 2020, after the 90-day deadline for completing the claim adjustment process on November 21, 2019, defendants Dual Aqua and the Insurers Syndicate sent the plaintiff a communication denying coverage for the claimed losses on the same grounds as outlined previously, i.e., because the plaintiff had allegedly engaged in misrepresentation during the acquisition and underwriting of the insurance policy in question.

31.     In the letter of April 20, 2020, Dual Aqua and the Insurers Syndicate again adduced that when applying for the insurance policy, the plaintiff had represented to them that the building to be insured had an automatic fire extinguishing system (sprinklers) that was operating and functioning, while that was not true. They alleged that had they known that statement was false, they would not have insured the risk nor issued the insurance policy in question.

32.     However, defendants Dual Aqua and the Insurers Syndicate refused to cover the claimed loss despite it not being true that plaintiff Green Enterprises had provided false information when applying for the insurance policy and despite knowing when selling and issuing the policy that Green Enterprises had not commenced operations in the insured building, as it was still undergoing remodeling.

33.     Even worse, said denial of coverage for payment of the claimed losses was done by Dual Aqua and the Insurers Syndicate in full knowledge that none of the defendants had requested information from the plaintiff on the operation or functioning of the fire extinguishing system when issuing the policy and knowing that the underwriting or term of the policy was not contingent upon the installation, operation or functioning of any specific fire extinguishing system.

34.     What is more, said coverage for payment of the claim was denied despite the fact that defendants Dual Aqua and the Insurers Syndicate knew that no automatic fire extinguishing system (sprinklers) had extinguished the fire or prevented the loss incurred by the insured property under the circumstances in which the incident occurred.

35.     Thus, the denial of coverage by defendants Dual Aqua and the Insurers Syndicate is merely an excuse to breach their obligations under the insurance policy and to avoid paying the multi-million-dollar losses incurred by the plaintiff, in blatant violation of the terms and conditions of the insurance policy and the Puerto Rico Insurance Code.

36.     Not consistent [*sic*] with their blatant violation of the terms and conditions of the insurance policy issued in favor of the plaintiff, in their letter of April 20, 2020, defendants Dual Aqua and the Insurers Syndicate also seek to coerce and deprive the plaintiff of its right to challenge the denial of coverage and to file claim with the Court for its rights under the policy, seeking to impose an arbitration process to clarify the dispute, contrary to Article 11.190 of the Puerto Rico Insurance Code, and consequently null as a matter of law.

# IV.

## CAUSES FOR ACTION

**A. First cause for action: Declaratory Judgment**

37.     The allegations set forth above are incorporated into and form part of this first cause for action.

38.     Under the terms and conditions of the insurance policy issued in favor of plaintiff Green Enterprises, defendants Dual Aqua and the Insurers Syndicate are required to provide coverage for payment of the loss incurred by the building as a result of the fire, up to a maximum of One million dollars.

39.     Further, under the terms and conditions of said insurance policy, defendants Dual Aqua and the Insurers Syndicate are required to provide coverage for payment for the loss and destruction of the machinery and equipment caused by the fire, up to a maximum of 6.5 million dollars.

40.     Similarly, under the terms and conditions of the aforementioned policy, defendants Dual Aqua and the Insurers Syndicate are required to provide coverage for payment for disposal of the rubble caused by the fire and for cleaning the resulting pollutants, as well as for the expense of preparing the claim, up to the maximum amounts set for that purpose.

41.     Although the fire occurred during the policy term, was an incident covered thereby and there is no valid legal reason to deny coverage, nor do any of the exclusions contained in the policy apply to the incident, defendants Dual Aqua and the Insurers Syndicate have unjustifiably denied coverage and payment for the loss incurred by plaintiff Green Enterprises as a result of the fire that occurred to the insured property on November 14, 2019.

42.     Not consistent [*sic*] with the above, defendants Dual Aqua and the Insurers Syndicate also sought to coerce and deprive the plaintiff of its right to challenge the denial of coverage and file claim with the Court for its rights under the policy, seeking to impose an arbitration process to clarify the dispute, contrary to Article 11.190 of the Puerto Rico Insurance Code, and consequently null as a matter of law.

43.    Therefore, pursuant to Rule 59 of the Puerto Rico Rules of Civil Procedure, this Honorable Court must issue a judgment declaring the arbitration clause invoked by the aforementioned defendants null under the Puerto Rico Insurance Code and providing that coverage exists under the insurance policy issued by Dual Aqua and the Insurers Syndicate in favor of the plaintiff for losses incurred as a consequence of the fire that occurred on November 14, 2019.

**B.    Second cause for action: Breach of Contract and Collection of Funds**

44.    The allegations formulated above are incorporated into and form part of this second cause for action.

45.    Defendants Aqua Dual and the Insurers Syndicate have breached their contractual obligation to pay the plaintiff for losses incurred by the insured property as a consequence of the fire in question.

46.    Thus, it is necessary under the terms and conditions of the insurance policy issued in favor of plaintiff Green Enterprises, that defendants Dual Aqua and the Insurers Syndicate be sentenced to pay for the loss incurred by the building and the insured machinery as a consequence of the fire, which exceeds the maximum insured limit of One million Dollars for the building and the maximum insured limit of 6.5 million dollars for the machinery and equipment. Hence, pursuant to the insurance contract, defendants Dual Aqua and the Insurers Syndicate must be sentenced to pay the plaintiff the amount corresponding to the maximum insured limit for said losses, less the agreed-upon deductible.

47.    Further, under the aforementioned policy, said defendants must be sentenced to pay the plaintiff the amounts also covered by the insurance contract, corresponding to $10,000.00 for claim preparation expenses, $25,000.00 for pollutant cleanup expenses and $375,000 for disposal of rubble, less the agreed-upon deductible for said additional coverages.

**C.    Third Cause for Action: damages and losses**

48.    Alternatively, defendants CBB and Lime Bridge and defendant Figueroa are jointly and severally liable to plaintiff Green Enterprises for losses incurred as a consequence of the fire, since they blatantly breached their contractual obligations, having acted fraudulently and negligently in their efforts to obtain, sell and underwrite the insurance policy in question.

49. Defendants CBB, Lime Bridge and Figueroa clearly knew that the building to be insured was undergoing remodeling when executing the insurance policy and that the fire extinguishing system was not in operation, but rather was in the process of installation at the time the insurance was requested. Thus, should the denial of coverage by defendants Dual Aqua and the Insurers Syndicate prevail (which we deny), defendants CBB, Lime Bridge and Figueroa are liable to the plaintiff for all damages incurred in negligently providing incorrect information in the process of underwriting the insurance policy and inadequately and negligently discharging their responsibilities and obligations to the plaintiff.

50. Further, defendants CBB, Lime Bridge and Figueroa failed to fulfill the requirements of the Puerto Rico Insurance Code to obtain surplus lines insurance, they did not adequately advise plaintiff Green Enterprises on obtaining and purchasing the insurance, they did not perform an adequate analysis of the risk covered by the insurance nor of the conditions and circumstances of the property to be insured, and they negligently provided erroneous or incomplete information for obtaining and purchasing the insurance. To that end, they are also liable to the plaintiff for damages and losses caused, which are estimated at approximately Eight Million dollars.

51. Pursuant to the above and consistent with the insurance policies that were in effect for covering the fraudulent and negligent activities of their insureds, defendants Insurance Companies A, B, C and D are also liable to plaintiff Green Enterprises for losses incurred as a consequence of the fraudulent and negligent breaches and actions of their insureds Dual Aqua, CBB, Lime Bridge and Figueroa, which are estimated at approximately Eight Million Dollars.

**V.**

**RIGHTS OF THE INTERESTED PARTIES**

52. As part of the financing for renovating the building and purchasing the equipment and machinery needed to operate the recycling business, Oriental Bank disbursed to plaintiff Green Enterprises principal of approximately 3.7 million dollars.

To that end, plaintiff Green Enterprises provided to Oriental Bank, as collateral loan guarantee, a lien on the machinery and equipment the plaintiff acquired that was destroyed as a consequence of the fire. Therefore, under the terms and conditions of the insurance policy in question and in its capacity as additional insured, Oriental Bank has an interest in the benefits of the insurance policy issued by Dual Aqua and the Insurers Syndicate to collect its outstanding loan or, alternatively, to also constitute itself as a harmed party for the fraudulent and negligent actions of the defendants, with right to be compensated for damages incurred.

53.    Finally, pursuant to the agreement for financing the premium to acquire the insurance policy to which this case refers, Universal Finance, Inc. has a preferred right to receive from Dual Aqua and the Insurers Syndicate the amount totaling the non-accrued premium, as well as the outstanding balance of the financing, totaling approximately $166,000.00.

**IN VIEW OF ALL THE ABOVE**, this Honorable Court is respectfully requested to declare this claim as ADMISSIBLE and, consequently, to sentence all defendants to pay the plaintiff the amount of the damages and losses claimed, plus the corresponding costs, expenses and attorney fees.

RESPECTFULLY SUBMITTED.

WE CERTIFY that this instrument was submitted electronically through the Unified Case Management and Administration System (*Sistema Unificado de Manejo y Administración de Casos*, SUMAC), which notifies the parties' attorneys.

San Juan, Puerto Rico, this day, April 23, 2020.

**BUFETE ANDRÉU & SAGARDÍA**
261 Ave. Domenech
San Juan, P.R. 00918
Tel.     (787) 754-1777/(787) 763-8044
Fax.    (787) 763-8045

*s/***JOSÉ A. ANDRÉU FUENTES**
jaf@andreu-sagardia.com
T. S. (*Tribunal Supremo* [Supreme Court]) No./R.U.A. (*Registro Único de Abogados y Abogadas* [Registry of Attorneys]) 9088

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE MAYAGUEZ

| | |
|---|---|
| GREEN ENTERPRISES, LLC<br><br>DEMANDANTE<br><br>v.<br><br>DUAL CORPORATE RISKS LIMITED; HISCOX SYNDICATES LIMITED AT LLOYD'S OF LONDON; XL CATLIN LLOYD'S SYNDICATE 2003; AMLIN LLOYD'S SYNDICATE 2001; CANOPIUS LLOYD'S SYNDICATE 4444; NOA LLOYD'S SYNDICATE 3902; BLENHEIM LLOYD'S SYNDICATE 5886; BRIT LLOYD'S SYNDICATE 2987/2988; CORRIE BAUCKHAM BATTS LIMITED; LIMEBRIDGE LLC; WILFREDO FIGUEROA NAZARIO; COMPAÑÍAS ASEGURADORAS A, B, C Y D.<br><br>DEMANDADOS<br><br>ORIENTAL BANK; UNIVERSAL FINANCE, INC.<br><br>PARTES CON INTERÉS | CIVIL NÚM.<br><br>ASUNTOS:<br><br>SENTENCIA DECLARATORIA; INCUMPLIMIENTO DE CONTRATO DE SEGUROS; COBRO DE DINERO; DAÑOS Y PERJUICIOS |

**DEMANDA**

AL HONORABLE TRIBUNAL:

COMPARECE la parte demandante, Green Enterprises, LLC, por conducto de la representación legal que suscribe y, muy respetuosamente EXPONE, ALEGA y SOLICITA:

**I.**

**LAS PARTES**

1.      La demandante Green Enterprises LLC (en adelante Green Enterprises) es una compañía de responsabilidad limitada organizada bajo las leyes de Puerto Rico para dedicarse al negocio de reciclaje de neumáticos en Puerto Rico. Su dirección es en MS 57 Vía Arcoíris, Urb. Mansión del Sol, Sabana Seca, Puerto Rico 00653.

2.      La demandada Dual Corporate Risks Limited (en adelante Dual Aqua) es una compañía registrada en el Reino Unido bajo el número 4160680 y en su condición de "Underwriter Coverholder" fue autorizada por el Sindicato de Aseguradoras de Londres que mas adelante se describe, a suscribir a su nombre la póliza de seguro emitida en el presente caso a favor de la demandante Green Enterprises, todo ello bajo el "Unique Market Reference" números

B0429BA1903524 y 526. Para efectos del Código de Seguros de Puerto Rico la demandada Dual Aqua se considera una compañía aseguradora no autorizada en Puerto Rico e inelegible para emitir seguros de líneas excedentes. Su dirección es en One Creechurch Place, London EC3A 5AF, United Kingdom.

3.      Las demandadas Hiscox Syndicates Limited at Lloyd's of London; Xl Catlin Lloyd's Syndicate 2003; Amlin Lloyd's Syndicate 2001; Canopius Lloyd's Syndicate 4444; Noa Lloyd's Syndicate 3902; Blenheim Lloyd's Syndicate 5886; Brit Lloyd's Syndicate 2987/2988 (en adelante identificadas en conjunto como el "Sindicato de Aseguradoras") son Sindicatos de Aseguradoras de Lloyd's of London que, por conducto de la demandada Dual Aqua, y con la participación de todos los demandados, emitió a favor de la demandante Green Enterprises la póliza de seguro a que se refiere el presente caso. Para efectos del Código de Seguros de Puerto Rico el Sindicato de Aseguradoras se considera una compañía aseguradora no autorizada en Puerto Rico e inelegible para emitir seguros de líneas excedentes.

4.      La demandada Corrie Bauckham Batts Limited (en adelante "CBB") es una compañía del Reino Unido dedicada al corretaje de seguros que, junto a todos lo demandados, participó en las gestiones para la obtención, venta y suscripción de la póliza de seguro a que se refiere el presente caso. CBB no tiene licencia para desempeñarse como productor, Representante Autorizado o Agente General para el negocio de seguros en Puerto Rico. Su dirección es en Suite 405, The Loom, 14 Growers Walk, London E1 8PY, United Kingdom.

5.      La demandada Lime Bridge LLC (en adelante "Lime Bridge") es una compañía de responsabilidad limitada organizada bajo las leyes de Puerto Rico, con licencia del Comisionado de Seguros de Puerto Rico para la producción y corretaje de pólizas de seguro de líneas excedentes que, junto a todos los demandados, participó en las gestiones para la obtención, venta y suscripción de la póliza de seguro a que se refiere el presente caso. Su dirección es en 1605 Avenida Ponce De León, Suite 211, San Juan, Puerto Rico 00912.

6.      El demandado Wilfredo Figueroa Nazario (en adelante Figueroa) es una persona natural, mayor de edad, residente de Puerto Rico y con licencia del Comisionado de Seguros de Puerto Rico para desempeñarse como Productor o Representante Autorizado de Seguros en Puerto Rico que, junto a todos los demandados, participó en las gestiones para la obtención, venta y suscripción de la póliza de seguro a que se refiere el presente caso. Su dirección es: P.O. Box 79656, Carolina, P.R.

2

00984-9656.

7.      Las demandadas Compañías Aseguradoras A, B, C y D son compañías de seguro de nombre desconocido que emitieron pólizas de seguro para responder por los daños y perjuicios que pudieran ocasionar a sus clientes o a terceras personas las demandadas Dual Aqua, CBB y Lime Bridge y el demandado Figueroa en su desempeño como corredores de seguro, productores de seguro, agentes de seguros o representantes autorizados de seguro o como resultado de sus gestiones de negocios o actuaciones culposas o negligentes en relación a la obtención, venta y suscripción de la póliza de seguro emitida a favor de Green Enterprises a que se refiere el presente caso.

## II.

## PARTES CON INTERÉS

8.      Oriental Bank es una institución financiera autorizada a hacer negocios en Puerto Rico y asegurada adicional bajo la póliza de seguros objeto de esta demanda, por lo que es parte indispensable y tiene un interés en el resultado de la presente reclamación.  Su dirección física es: 254 Muñoz Rivera Ave., Oriental Center, Hato Rey, P.R. 00918.

9.      Universal Finance, Inc. es una compañía de financiamiento de primas de seguros organizada bajo las leyes de Puerto Rico y quién le financió a la demandante parte de la prima para la obtención de la póliza de seguro a que se refiere el presente caso. Es una parte indispensable en este caso pues tiene un derecho preferente a cobrar de los beneficios de la póliza de seguro a que se refiere el mismo, la prima no devengada y la cantidad adeudada del financiamiento. Su dirección es: P.O. Box 71493, San Juan, P.R. 00936-8593.

## III.

## LOS HECHOS

10.     El Gobierno de Puerto Rico ha creado programas que promueven la eliminación y recogido de neumáticos desechados de vehículos de motor para evitar la propagación de enfermedades infecciosas, como lo es el dengue y el chikungunya, como parte de un interés gubernamental apremiante de salud pública.

11.     La demandante Green Enterprises se creó para dedicarse al negocio de reciclaje de neumáticos en Puerto Rico, con el auspicio del Gobierno de Puerto Rico. Para ello, Green Enterprises se proponía utilizar una nueva tecnología que permitiera pulverizar los neumáticos desechados y

3

recogidos como resultado del programa de reciclaje de neumáticos del Gobierno de Puerto Rico, para reutilizarlos y convertirlos en materia prima para asfalto para carreteras, combustión de calderas y otros productos similares.

12.     Para ubicar su planta de reciclaje, Green Enterprises arrendó a la Compañía de Fomento Industrial del Gobierno de Puerto Rico (en adelante PRIDCO) la planta donde ubicaba la antigua fábrica Hanes en el Parque Industrial Carenero en Guánica, Puerto Rico.

13.     Para la remodelación de la planta y la compra de los equipos necesarios, Green Enterprises obtuvo un financiamiento bancario de parte de Oriental Bank, con el auspicio de la Administración de Pequeños Negocios de Estados Unidos (en adelante SBA).

14.     Además, para el proceso de reciclaje, Green Enterprises obtuvo mediante compra una máquina trituradora de gomas de un manufacturero en China a un costo de 6.5 millones de dólares, así como otros equipos necesarios para la operación del negocio.

15.     Como parte de los requisitos del financiamiento bancario, a un costo de 150 mil dólares, Green Enterprises adquirió de las demandadas la póliza de seguro número DCC-1903971/ACC-1903971 emitida por Dual Aqua y el Sindicato de Aseguradoras para cubrir los daños y la pérdida que pudiera sufrir el edificio arrendado a PRIDCO, y la maquinaria y el equipo adquirido.

16.     Green Enterprises cumplió con todos los requerimientos y requisitos notificados por las demandadas para la emisión de la póliza, todo ello a satisfacción de las demandadas quienes emitieron la póliza de seguros solicitada por la demandante.

17.     La referida póliza de seguro cubre la perdida sufrida por el edificio, hasta un límite máximo de Un millón de dólares, y la perdida sufrida por la maquinaria y el equipo adquirido, hasta un límite máximo de 6.5 millones de dólares, por causa de fuego, vandalismo, huracán o terremoto, entre otros riesgos.

18.     Asimismo, dicha póliza de seguro tenía una fecha de vigencia del 22 de octubre de 2019 al 22 de octubre de 2020 e incluyó como asegurados adicionales a Oriental Bank y a SBA, además de a la demandante Green Enterprises.

19.     En adición a los daños por pérdida del edificio y la maquinaria, en la eventualidad de la ocurrencia de un siniestro cubierto por la póliza, la póliza también provee cubierta para gastos de limpieza de contaminantes, gastos de recogido de escombros y gastos para la preparación de la reclamación a la compañía aseguradora, entre otras cubiertas adicionales.

4

20.     Para la suscripción de la póliza de seguro en cuestión, ninguno de los demandados que intervinieron en las gestiones de obtención, venta y suscripción de la misma, le requirieron a la demandante Green Enterprises que llenara una solicitud por escrito o que cumplimentara algún cuestionario o documento escrito relacionado a la operación del negocio o sobre algún aspecto del mismo o de la propiedad o riesgo a asegurarse.

21.     De hecho, con antelación a la emisión y suscripción de la póliza ninguno de los demandados le requirió a la demandante Green Enterprises tener instalado y en operación o funcionamiento algún sistema de extinción de incendios como condición para la suscripción o vigencia de la misma.

22.     Por el contrario, al momento de realizar las gestiones para la obtención, venta y suscripción de la póliza de seguro en cuestión, todos los demandados conocían o debieron haber conocido que la planta de Green Enterprises no había comenzado operaciones y se encontraba en proceso de renovación, construcción e instalación y ensamblaje de equipos y maquinaria.

23.     Así pues, el día 14 de noviembre de 2019, antes de comenzar operaciones, mientras la renovación del edificio se encontraba en el proceso de terminación y la maquinaria recién adquirida en proceso de ensamblaje, ocurrió un incendio de inmensas proporciones en la propiedad asegurada que tuvo como resultado la destrucción total del edificio y de todos los equipos en su interior, incluyendo de la nueva maquinaria en proceso de ensamblaje. Al día de hoy se desconoce la causa del incendio en cuestión.

24.     Como resultado de ello, todos los demandados fueron notificados del siniestro el mismo día de su ocurrencia.

25.     Así también, el día 21 de noviembre de 2019 la demandante Green Enterprises le reclamó formalmente por escrito a las demandadas Dual Aqua y el Sindicato de Aseguradoras el pago de los daños causados por el fuego al edificio y la maquinaria asegurada, así como un adelanto de dinero para cubrir los gastos para la preparación de la reclamación, el recogido de escombros y para la limpieza de contaminantes, todo ello conforme a los términos y condiciones establecidos en la póliza de seguro.

26.     De igual forma, el día 22 de noviembre de 2019 Oriental Bank notificó su reclamación escrita a las demandadas Dual Aqua y el Sindicato de Aseguradoras reclamando también el pago de los beneficios de la póliza de seguro en cuestión.

5

27. Como parte de su reclamación, la demandante Green Enterprises le proveyó a Dual Aqua y al Sindicato de Aseguradoras y sus ajustadores todos los documentos solicitados y toda la cooperación necesaria para una adecuada investigación y ajuste de la reclamación, incluyendo acceso total al edificio y maquinaria destruída para su inspección y evaluación por los ajustadores, así como las facturas y estimados de pérdida correspondientes.

28. No obstante lo anterior, el día 20 de diciembre de 2019, Dual Aqua y el Sindicato de Aseguradoras enviaron una comunicación a la demandante exponiendo que: 1) para terminar la evaluación y ajuste de la reclamación necesitaban entrevistar bajo juramento a un oficial de Green Enterprises con conocimiento de los hechos y documentos adicionales; 2) denegaban el adelanto de dinero solicitado por la demandante para los gastos de limpieza y recogido de escombros; y 3) manifestaban la intención de reservarse el derecho a denegar cubierta para el pago de la pérdida reclamada con el argumento de que Green Enterprises incurrió en falsa representación al supuestamente indicar, al momento de solicitar la póliza de seguro, que el edificio a asegurarse contaba con un sistema automático de extinción de incendio (sprinklers) que se encontraba en operación y funcionamiento.

29. El 7 de enero de 2020, la demandante le remitió una comunicación refutando las alegaciones de falsa representación e insistiendo en su derecho a ser compensada por las pérdidas reclamadas bajo la póliza de seguro en cuestión. Sin embargo, confiando en la buena fe de las demandadas, la demandante continuó cooperando con las demandadas Dual Aqua y el Sindicato de Aseguradoras permitiendo que el día 14 de febrero de 2020 sus agentes o representantes realizaran la entrevista bajo juramento del Presidente de Green Enterprises y de su asesor principal, luego de que Green Enterprises le proveyera para ello toda la abundante documentación adicional solicitada en la comunicación del 20 de diciembre de 2019 y en otras posteriores.

30. El 20 de abril de 2020, fuera del término de 90 días para culminar el proceso de ajuste de la reclamación del 21 de noviembre de 2019, las demandadas Dual Aqua y el Sindicato de Aseguradoras remitieron a la demandante una comunicación negando cubierta para las pérdidas reclamadas bajo el mismo fundamento esgrimido anteriormente, es decir, por supuestamente la demandante haber incurrido en una falsa representación en el proceso de obtención y suscripción de la póliza de seguro en cuestión.

31.   En la carta del 20 de abril de 2020, Dual Aqua y el Sindicato de Aseguradoras adujeron nuevamente que al momento de solicitar la póliza de seguro la demandante les representó que el edificio a asegurarse contaba con un sistema automático de extinción de incendio (sprinklers) que se encontraba en operación y funcionamiento, cuando ello no era cierto. Alegaron que de haber conocido la falsedad de dicha manifestación no hubieran asegurado el riesgo ni hubieran emitido la póliza de seguro en cuestión.

32.   Sin embargo, las demandadas Dual Aqua y el Sindicato de Aseguradoras se negaron a cubrir la pérdida reclamada a pesar de no ser cierto que la demandante Green Enterprises proveyó información falsa al momento de gestionar la póliza de seguro y a pesar de conocer que al momento de vender y emitir la póliza Green Entreprises no había comenzado operaciones en el edificio asegurado, por encontrarse el mismo aún en remodelación.

33.   Peor aún, dicha denegatoria de cubierta para el pago de las pérdidas reclamadas fue hecha por Dual Aqua y el Sindicato de Aseguradoras con conocimiento de que ninguno de los demandados le solicitó a la demandante información sobre la operación o el funcionamiento del sistema de extinción de incendio al momento de emitir la póliza y a sabiendas de que la suscripción o vigencia de la póliza no estuvo condicionada a la instalación, operación o funcionamiento de algún sistema de extinción de incendios en particular.

34.   Más aún, dicha denegatoria de cubierta para el pago de la reclamación fue realizada a pesar de que las demandadas Dual Aqua y el Sindicato de Aseguradoras conocen que ningún sistema automático de extinción de incendio (sprinkler) hubiera extinguido el fuego o evitado la pérdida sufrida por la propiedad asegurada en las circunstancias en que ocurrió el siniestro.

35.   Así pues, la denegatoria de cubierta de las demandadas Dual Aqua y el Sindicato de Aseguradoras no es más que una excusa para incumplir sus obligaciones bajo la póliza de seguro y para no tener que pagar las pérdidas millonarias sufridas por la demandante, en crasa violación de los términos y condiciones de la póliza de seguro y del Código de Seguros de Puerto Rico.

36.   No conforme con su craso incumplimiento de los términos y condiciones de la póliza de seguro emitida a favor de la demandante, en su carta del 20 de abril de 2020 las demandadas Dual Aqua y el Sindicato de Aseguradoras intentan también coartar y privar a la demandante de su derecho a impugnar la denegatoria de cubierta y reclamar ante el Tribunal sus derechos con arreglo a la póliza, intentando imponer un proceso de arbitraje para la dilucidación de la controversia que resulta ser

contrario al Artículo 11.190 del Código de Seguros de Puerto Rico y, por ende, nulo como cuestión de derecho.

**IV.**

**CAUSAS DE ACCIÓN**

**A. Primera causa de acción: Sentencia Declaratoria**

37.	Se incorporan y se hacen forma parte de esta primera causa de acción las alegaciones antes formuladas.

38.	Bajo los términos y condiciones de la póliza de seguro emitida a favor de la demandante Green Enterprises, las demandadas Dual Aqua y el Sindicato de Aseguradoras están obligadas a proveer cubierta para el pago de la pérdida sufrida por el edificio a causa del incendio, hasta un límite máximo de Un millón de dólares.

39.	Asimismo, bajo los términos y condiciones de dicha póliza de seguros, las demandadas Dual Aqua y el Sindicato de Aseguradoras están obligadas a proveer cubierta para el pago de la pérdida y destrucción de la maquinaria y el equipo a causa del incendio, hasta un límite máximo de 6.5 millones de dólares.

40.	De igual forma, bajo los términos y condiciones de la referida póliza, las demandadas Dual Aqua y el Sindicato de Aseguradoras están obligadas a proveer cubierta para el pago del recogido de los escombros causados por el fuego y para la limpieza de los resultantes contaminantes, así como para los gastos de la preparación de la reclamación, hasta los límites máximos establecidos para ello.

41.	A pesar de que el incendio ocurrió durante la vigencia de la póliza, de que el mismo es un siniestro cubierto por la misma y de que no existe razón válida en derecho para denegar cubierta ni es de aplicación a lo ocurrido ninguna de la exclusiones contenidas en la póliza, las demandadas Dual Aqua y el Sindicato de Aseguradoras se han negado injustificadamente a promover cubierta y a pagar la pérdida sufrida por la demandante Green Enterprises a consecuencia del incendio ocurrido en la propiedad asegurada el día 14 de noviembre de 2019.

42.	No conforme con lo anterior, las demandadas Dual Aqua y el Sindicato de Aseguradoras intentan también coartar y privar a la demandante de su derecho a impugnar la denegatoria de cubierta y reclamar ante el Tribunal sus derechos con arreglo a la póliza, intentando

imponer un proceso de arbitraje para la dilucidación de la controversia que resulta ser contrario al Artículo 11.190 del Código de Seguros de Puerto Rico y, por ende, nulo como cuestión de derecho.

43.     Por tanto, de conformidad con la Regla 59 de las de Procedimiento Civil de Puerto Rico, procede que este Honorable Tribunal emita sentencia declarando que la cláusula de arbitraje invocada por las referidas demandadas es nula bajo el Código de Seguros de Puerto Rico y estableciendo que existe cubierta en la póliza de seguro emitida por Dual Aqua y el Sindicato de Aseguradoras a favor de la demandante para las pérdidas sufridas a consecuencia del incendio ocurrido el 14 de noviembre de 2019.

**B.     Segunda causa de acción: Incumplimiento de Contrato y Cobro de Dinero**

44.     Se incorporan y se hacen forma parte de esta segunda causa de acción las alegaciones antes formuladas.

45.     Las demandadas Aqua Dual y el Sindicato de Aseguradoras han incumplido con su obligación contractual de pagar a la demandante las pérdidas sufridas por la propiedad asegurada a consecuencia del incendio en cuestión.

46.     Así pues, procede que bajo los términos y condiciones de la póliza de seguros emitida a favor de la demandante Green Enterprises, se condene a las demandadas Dual Aqua y el Sindicato de Aseguradoras a pagar la pérdida sufrida por el edificio y la maquinaria asegurada a consecuencia del incendio, cuya pérdida sobrepasa el límite máximo asegurado de Un millón de Dólares para el edificio, así como el límite máximo asegurado de 6.5 millones de dólares para la maquinaria y el equipo. De ahí, que a tenor con el contrato de seguros proceda condenar a las demandadas Dual Aqua y el Sindicato de Aseguradoras a pagar a la demandante la cantidad correspondiente al límite máximo asegurado para dichas perdidas, menos el deducible pactado.

47.     Asimismo, conforme a la referida póliza procede además condenar a dichas demandadas al pago a favor de la demandante de las cantidades adicionalmente cubiertas por el contrato de seguro, correspondientes a los $10,000.00 por gastos de preparación de la reclamación, $25,000.00 por el costo de limpieza de contaminantes y $375,000.00 por el recogido de escombros, luego de descontar el deducible pactado para dichas cubiertas adicionales.

**C.     Tercera Causa de Acción: daños y perjuicios**

48.     En la alternativa, las demandadas CBB y Lime Bridge y el demandado Figueroa le son solidariamente responsables a la demandante Green Enterprises por las pérdidas sufridas a

consecuencia del incendio, al estos crasamente incumplir sus obligaciones contractuales y al haber actuado de forma culposa y negligente en las gestiones para la obtención, venta y suscripción de la póliza de seguro en cuestión.

49. Las demandadas CBB, Lime Bridge y Figueroa conocían claramente que el edificio a asegurarse se encontraba en remodelación al momento de gestionar la póliza de seguro y que el sistema de extinción de incendio no se encontraba en operación, sino que estaba en proceso de instalación al momento de solicitarse el seguro. De manera, que de prevalecer la denegatoria de cubierta de las demandadas Dual Aqua y el Sindicato de Aseguradoras, lo cual se niega, las demandadas CBB, Lime Bridge y Figueroa le responden a la demandante por todos los daños sufridos al negligentemente proveer información incorrecta en el proceso de suscripción de la póliza de seguros y al descargar de manera inadecuada y negligente sus responsabilidades y obligaciones hacia la demandante.

50. Además las partes demandadas, CBB, Lime Bridge y Figueroa, no cumplieron con los requisitos del Código de Seguros de Puerto Rico para la obtención de un seguro de líneas excedentes, no asesoraron adecuadamente a la demandante Green Enterprises en la obtención y compra del seguro, no realizaron un análisis adecuado del riesgo objeto del seguro ni de las condiciones y circunstancias de la propiedad a asegurase y negligentemente proveyeron información equivocada o incompleta para la obtención y compra del seguro. Por ello también le responden a la demandante por los daños y perjuicios causados, los cuales se estiman en Ocho Millones de dólares aproximadamente.

51. En virtud de lo anterior y a tenor con las pólizas de seguros que tenían vigentes para cubrir las actuaciones culposas y negligentes de sus asegurados, las demandadas Compañías Aseguradoras A, B, C y D también le responden a la demandante Green Enterprises por las pérdidas sufridas a consecuencia de los incumplimientos y actuaciones culposas y negligentes de sus asegurados Dual Aqua, CBB, Lime Bridge y Figueroa, cuyas pérdidas se estiman en Ocho Millones de Dólares aproximadamente.

## V.

## DERECHOS DE LAS PARTES CON INTERÉS

52. Como parte del financiamiento para la renovación del edificio y la compra de los equipos y maquinaria necesarios para operar el negocio de reciclaje, Oriental Bank le desembolsó a la demandante Green Enterprises la cantidad principal aproximada de 3.7 millones de dólares. Para

ello la demandante Green Enterprises le proveyó a Oriental Bank, como garantía colateral del préstamo, un gravamen financiero sobre la maquinaria y el equipo que adquirió la demandante y que fue destruido como consecuencia del incendio. Por tanto, bajo los términos y condiciones de la póliza de seguro en cuestión y en su calidad de asegurado adicional, Oriental Bank tiene un interés sobre los beneficios de la póliza de seguro emitida por Dual Aqua y el Sindicato de Aseguradoras para recobrar su acreencia o, en la alternativa, también constituye una parte perjudicada por las actuaciones culposas y negligentes de los demandados, con derecho a ser compensada por los daños sufridos.

53.     Por último, conforme al contrato de financiamiento de la prima para la adquisición de la póliza de seguro a que se refiere este caso, Universal Finance, Inc. tiene un derecho preferente a recibir de Dual Aqua y el Sindicato de Aseguradoras el monto a que ascienda la prima no devengada, así como la cantidad no pagada del financiamiento, la cual asciende a la suma aproximada de $166,000.00.

**POR TODO LO CUAL** respetuosamente se suplica de este Honorable Tribunal que declare CON LUGAR la presente demanda y, en su consecuencia, condene a todos los demandados a pagar a la demandante el monto de los daños y las pérdidas reclamadas, más las costas, gastos y los honorarios de abogado correspondientes.

RESPETUOSAMENTE SOMETIDA.

CERTIFICAMOS que este escrito ha sido presentado de manera electrónica a través del Sistema Unificado de Manejo y Administración de casos (SUMAC), el cual da aviso a los abogados de las partes.

En San Juan, Puerto Rico, hoy 23 de abril de 2020.

**BUFETE ANDRÉU & SAGARDÍA**
261 Ave. Domenech
San Juan, P.R. 00918
Tel.     (787) 754-1777 / (787) 763-8044
Fax.    (787) 763-8045

*f/***JOSÉ A. ANDRÉU FUENTES**
jaf@andreu-sagardia.com
T. S. Núm./R.U.A. 9088



**DATE OF TRANSLATION:** 20-May-20

**ELECTRONIC FILE NAME:** NOTIFICACION DE DEMANDA - AMLIN LLOYD'S SYNDICATE 2001(1)(1) (00580562xA9C01)

**SOURCE LANGUAGE:** Spanish

**TARGET LANGUAGE:** English

**TRANSPERFECT JOB ID:** US0706871

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

[logo:] COMMONWEALTH
OF PUERTO RICO
GENERAL COURT

Commonwealth of Puerto Rico
GENERAL COURT OF JUSTICE
**Court of First Instance**
Courtroom (☒Superior, ☐ Municipal of) MAYAGUEZ

| | | |
|---|---|---|
| GREEN ENTERPRISES, LLC | CASE NO.: | MZ2020CV00371 |
| Name of Plaintiff(s) | | |
| v. | Courtroom No. | |
| DUAL CORPORATE RISKS LIMITED, ET AL. | Civil Action for: | DECLARATORY JUDGMENT; ET AL. |
| Name of the Defendant(s) | | Matter or Subject |

**NOTIFICATION OF LEGAL ACTION AND REQUEST FOR WAIVER OF SERVICE OF PROCESS**

To:          AMLIN LLOYD'S SYNDICATE 2001
                                          (Name of the Defendant)

Address:    One Creechurch Place, London EC3A 5AF, United Kingdom

By means of this letter, I hereby notify you that legal action has been filed against you (or the entity you represent) in the case shown above. I am attaching a true and exact copy of the complaint filed, from which you may obtain all of the details about the aforementioned complaint. In addition, in accordance with the provisions of Rule 4.5 of the Rules of Civil Procedure of Puerto Rico, I hereby request you to sign a waiver for the personal service of process that was issued in your name, so that the expense that procedure entails can be avoided.

If you agree to the requested waiver, you must complete and sign the back of this request and return it in the pre-addressed stamped envelope included within twenty (20) days of the postmark date of this request or within thirty (30) days of that date if you are outside of Puerto Rico.

Once you return this document duly completed and signed by you, then you must appear before the court and the action will proceed as if you had been served on the date you agreed to the waiver. You must answer the complaint within thirty (30) days of the date you mailed the duly completed waiver.

If you choose not to grant the waiver, then the Plaintiff will proceed to serve you in accordance with Rule 4 of the Rules of Civil Procedure of Puerto Rico and to ask the court to impose payment of the expense for any service of process, including attorney's fees, on you. With regard to this subject, please read the explanation on the back of this form.

I hereby certify that I have sent this request with a copy of the complaint and a pre-addressed stamped envelope, this day, 24ᵗʰ of April, 2020.

José A. Andréu Fuentes
(Name of the Legal Representative or Party Representing Himself/Herself)
[signature]
(Name of the Legal Representative or Party Representing Himself/Herself)
9088
(Legal Representative's Number with the Supreme Court, if applicable)
261 Ave. Domenech, San Juan, Puerto Rico 00918
(Name of the Legal Representative or Party Representing Himself/Herself)
jaf@andreu-sagardia.com
(Email Address, if any)
(787) 754-1777 / (787) 763-8045
(Phone Number) (Fax Number)

## WAIVER OF SERVICE OF PROCESS

To: _____

(Name of the Defendant)

Address: _____

I, _____, the Defendant, hereby acknowledge receipt of this Request for Waiver of Service and a copy, which were sent by you in the case shown above. I also acknowledge receipt of a copy of the legal action filed in the case and a pre-addressed stamped envelope in which I will be able to return this document, at no cost to myself, once it is signed.

I agree to economize on the costs for service of process and sending an additional copy of the complaint. As such, I hereby waive the personal service of process, as provided for in Rule 4 of the Rules of Civil Procedure of Puerto Rico. However, I retain the right to request transfer of the case to a competent courtroom and to present any defenses or objections that may exist regarding the cause of the action or the jurisdiction of the court, with the exception of those defenses relating to defects in the service of this process. I hereby certify that my waiver is voluntary and is not the result of coercion.

I understand that the court may find me to be in contempt, if I do not provide an answer to the complaint or file a corresponding motion within thirty (30) days of this document having been sent.

Sent this day, _____ _____, _____.

_____

(Signature of the Defendant)

### Duty to Avoid Expenses for Service of Process

Rule 4.5 of the Rules of Civil Procedure of Puerto Rico requires, with a few exceptions, that the Defendant avoid the costs of service of process and of the complaint. Therefore, if the Defendant does not waive service of process after having been notified of the legal action filed against it, and such a waiver has been requested, then it must bear the costs of service, unless it proves just cause. It will not constitute just cause for refusing to waive any service of process whenever the Defendant deems the complaint has no merit or that it was filed in a court without competence or jurisdiction over the matter, the person or the property.

The Defendant waiving the service of process retains all defenses and objections. As such, it may present them at a later date, except those relating to the service of process or how it was made. It may also request the transfer of the case to a competent court, if it deems it to be admissible.

Any Defendant waiving the service of process must provide the legal representative of the Plaintiff or the party representing himself/herself the corresponding document answering the complaint and must submit it to the court within the period of time provided for in the request for a waiver. By waiving the service of process, the Defendant may have a longer period of time to answer the complaint than if it had been served on the date it received the request for a waiver of service. If an answer or motion is not provided within that period of time, the court may hold the Defendant in contempt and subsequently rule against it, or any other remedy, if the court, in the exercise of its sound discretion, considers it appropriate.


**DATE OF TRANSLATION:** 20-May-20

**ELECTRONIC FILE NAME:** NOTIFICACION DE DEMANDA - BLENHEIM LLOYD'S SYNDICATE 5886(1) (00580559xA9C01)

**SOURCE LANGUAGE:** Spanish

**TARGET LANGUAGE:** English

**TRANSPERFECT JOB ID:** US0706871

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

[logo:] COMMONWEALTH
OF PUERTO RICO
GENERAL COURT

Commonwealth of Puerto Rico
GENERAL COURT OF JUSTICE
**Court of First Instance**
Courtroom (☒Superior, ☐ Municipal of) Mᴀʏᴀɢᴜᴇᴢ

| | |
|---|---|
| GREEN ENTERPRISES, LLC | CASE NO.:   MZ2020CV00371 |
| Name of Plaintiff(s) | |
| v. | Courtroom No. |
| DUAL CORPORATE RISKS LIMITED, ET AL. | Civil Action for:   Dᴇᴄʟᴀʀᴀᴛᴏʀʏ Jᴜᴅɢᴍᴇɴᴛ; ᴇᴛ ᴀʟ. |
| Name of the Defendant(s) | Matter or Subject |

### NOTIFICATION OF LEGAL ACTION AND REQUEST FOR WAIVER OF SERVICE OF PROCESS

To:          BLENHEIM LLOYD'S SYNDICATE 5886
                              (Name of the Defendant)

Address:      One Creechurch Place, London EC3A 5AF, United Kingdom

By means of this letter, I hereby notify you that legal action has been filed against you (or the entity you represent) in the case shown above. I am attaching a true and exact copy of the complaint filed, from which you may obtain all of the details about the aforementioned complaint. In addition, in accordance with the provisions of Rule 4.5 of the Rules of Civil Procedure of Puerto Rico, I hereby request you to sign a waiver for the personal service of process that was issued in your name, so that the expense that procedure entails can be avoided.

If you agree to the requested waiver, you must complete and sign the back of this request and return it in the pre-addressed stamped envelope included within twenty (20) days of the postmark date of this request or within thirty (30) days of that date if you are outside of Puerto Rico.

Once you return this document duly completed and signed by you, then you must appear before the court and the action will proceed as if you had been served on the date you agreed to the waiver. You must answer the complaint within thirty (30) days of the date you mailed the duly completed waiver.

If you choose not to grant the waiver, then the Plaintiff will proceed to serve you in accordance with Rule 4 of the Rules of Civil Procedure of Puerto Rico and to ask the court to impose payment of the expense for any service of process, including attorney's fees, on you. With regard to this subject, please read the explanation on the back of this form.

I hereby certify that I have sent this request with a copy of the complaint and a pre-addressed stamped envelope, this day, 24ᵗʰ of April, 2020.

José A. Andréu Fuentes
(Name of the Legal Representative or Party Representing Himself/Herself)
[signature]
(Name of the Legal Representative or Party Representing Himself/Herself)
9088
(Legal Representative's Number with the Supreme Court, if applicable)
261 Ave. Domenech, San Juan, Puerto Rico 00918
(Name of the Legal Representative or Party Representing Himself/Herself)
jaf@andreu-sagardia.com
(Email Address, if any)
(787) 754-1777 / (787) 763-8045
(Phone Number) (Fax Number)

## WAIVER OF SERVICE OF PROCESS

To: _____

(Name of the Defendant)

Address: _____

I, _____, the Defendant, hereby acknowledge receipt of this Request for Waiver of Service and a copy, which were sent by you in the case shown above. I also acknowledge receipt of a copy of the legal action filed in the case and a pre-addressed stamped envelope in which I will be able to return this document, at no cost to myself, once it is signed.

I agree to economize on the costs for service of process and sending an additional copy of the complaint. As such, I hereby waive the personal service of process, as provided for in Rule 4 of the Rules of Civil Procedure of Puerto Rico. However, I retain the right to request transfer of the case to a competent courtroom and to present any defenses or objections that may exist regarding the cause of the action or the jurisdiction of the court, with the exception of those defenses relating to defects in the service of this process. I hereby certify that my waiver is voluntary and is not the result of coercion.

I understand that the court may find me to be in contempt, if I do not provide an answer to the complaint or file a corresponding motion within thirty (30) days of this document having been sent.

Sent this day, ____ _____, _____.

_____

(Signature of the Defendant)

### Duty to Avoid Expenses for Service of Process

Rule 4.5 of the Rules of Civil Procedure of Puerto Rico requires, with a few exceptions, that the Defendant avoid the costs of service of process and of the complaint. Therefore, if the Defendant does not waive service of process after having been notified of the legal action filed against it, and such a waiver has been requested, then it must bear the costs of service, unless it proves just cause. It will not constitute just cause for refusing to waive any service of process whenever the Defendant deems the complaint has no merit or that it was filed in a court without competence or jurisdiction over the matter, the person or the property.

The Defendant waiving the service of process retains all defenses and objections. As such, it may present them at a later date, except those relating to the service of process or how it was made. It may also request the transfer of the case to a competent court, if it deems it to be admissible.

Any Defendant waiving the service of process must provide the legal representative of the Plaintiff or the party representing himself/herself the corresponding document answering the complaint and must submit it to the court within the period of time provided for in the request for a waiver. By waiving the service of process, the Defendant may have a longer period of time to answer the complaint than if it had been served on the date it received the request for a waiver of service. If an answer or motion is not provided within that period of time, the court may hold the Defendant in contempt and subsequently rule against it, or any other remedy, if the court, in the exercise of its sound discretion, considers it appropriate.


**DATE OF TRANSLATION:** 20-May-20

**ELECTRONIC FILE NAME:** NOTIFICACION DE DEMANDA - BRIT LLOYD'S SYNDICATE 2987-2988(1) (00580558xA9C01)

**SOURCE LANGUAGE:** Spanish

**TARGET LANGUAGE:** English

**TRANSPERFECT JOB ID:** US0706871

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

[logo:] COMMONWEALTH
OF PUERTO RICO
GENERAL COURT

Commonwealth of Puerto Rico
GENERAL COURT OF JUSTICE
**Court of First Instance**
Courtroom (☒Superior, ☐ Municipal of) Mayaguez

| | |
|---|---|
| GREEN ENTERPRISES, LLC | CASE NO.:    MZ2020CV00371 |
| Name of Plaintiff(s) | |
| v. | Courtroom No. |
| DUAL CORPORATE RISKS LIMITED, ET AL. | Civil Action for:    Declaratory Judgment; et al. |
| Name of the Defendant(s) | Matter or Subject |

### NOTIFICATION OF LEGAL ACTION AND REQUEST FOR WAIVER OF SERVICE OF PROCESS

To:         BRIT LLOYD'S SYNDICATE 2987/2988

(Name of the Defendant)

Address:     One Creechurch Place, London EC3A 5AF, United Kingdom

By means of this letter, I hereby notify you that legal action has been filed against you (or the entity you represent) in the case shown above. I am attaching a true and exact copy of the complaint filed, from which you may obtain all of the details about the aforementioned complaint. In addition, in accordance with the provisions of Rule 4.5 of the Rules of Civil Procedure of Puerto Rico, I hereby request you to sign a waiver for the personal service of process that was issued in your name, so that the expense that procedure entails can be avoided.

If you agree to the requested waiver, you must complete and sign the back of this request and return it in the pre-addressed stamped envelope included within twenty (20) days of the postmark date of this request or within thirty (30) days of that date if you are outside of Puerto Rico.

Once you return this document duly completed and signed by you, then you must appear before the court and the action will proceed as if you had been served on the date you agreed to the waiver. You must answer the complaint within thirty (30) days of the date you mailed the duly completed waiver.

If you choose not to grant the waiver, then the Plaintiff will proceed to serve you in accordance with Rule 4 of the Rules of Civil Procedure of Puerto Rico and to ask the court to impose payment of the expense for any service of process, including attorney's fees, on you. With regard to this subject, please read the explanation on the back of this form.

I hereby certify that I have sent this request with a copy of the complaint and a pre-addressed stamped envelope, this day, 24<u>th</u> of April, 2020..

José A. Andréu Fuentes

(Name of the Legal Representative or Party Representing Himself/Herself)
[signature]

(Name of the Legal Representative or Party Representing Himself/Herself)
9088

(Legal Representative's Number with the Supreme Court, if applicable)
261 Ave. Domenech, San Juan, Puerto Rico 00918

(Name of the Legal Representative or Party Representing Himself/Herself)
jaf@andreu-sagardia.com

(Email Address, if any)
(787) 754-1777 / (787) 763-8045

(Phone Number) (Fax Number)

# WAIVER OF SERVICE OF PROCESS

To: _____

(Name of the Defendant)

Address: _____

  I, _____, the Defendant, hereby acknowledge receipt of this Request for Waiver of Service and a copy, which were sent by you in the case shown above. I also acknowledge receipt of a copy of the legal action filed in the case and a pre-addressed stamped envelope in which I will be able to return this document, at no cost to myself, once it is signed.

  I agree to economize on the costs for service of process and sending an additional copy of the complaint. As such, I hereby waive the personal service of process, as provided for in Rule 4 of the Rules of Civil Procedure of Puerto Rico. However, I retain the right to request transfer of the case to a competent courtroom and to present any defenses or objections that may exist regarding the cause of the action or the jurisdiction of the court, with the exception of those defenses relating to defects in the service of this process. I hereby certify that my waiver is voluntary and is not the result of coercion.

  I understand that the court may find me to be in contempt, if I do not provide an answer to the complaint or file a corresponding motion within thirty (30) days of this document having been sent.

  Sent this day, ____ _____, _____.

_____
(Signature of the Defendant)

## Duty to Avoid Expenses for Service of Process

  Rule 4.5 of the Rules of Civil Procedure of Puerto Rico requires, with a few exceptions, that the Defendant avoid the costs of service of process and of the complaint. Therefore, if the Defendant does not waive service of process after having been notified of the legal action filed against it, and such a waiver has been requested, then it must bear the costs of service, unless it proves just cause. It will not constitute just cause for refusing to waive any service of process whenever the Defendant deems the complaint has no merit or that it was filed in a court without competence or jurisdiction over the matter, the person or the property.

  The Defendant waiving the service of process retains all defenses and objections. As such, it may present them at a later date, except those relating to the service of process or how it was made. It may also request the transfer of the case to a competent court, if it deems it to be admissible.

  Any Defendant waiving the service of process must provide the legal representative of the Plaintiff or the party representing himself/herself the corresponding document answering the complaint and must submit it to the court within the period of time provided for in the request for a waiver. By waiving the service of process, the Defendant may have a longer period of time to answer the complaint than if it had been served on the date it received the request for a waiver of service. If an answer or motion is not provided within that period of time, the court may hold the Defendant in contempt and subsequently rule against it, or any other remedy, if the court, in the exercise of its sound discretion, considers it appropriate.



**DATE OF TRANSLATION:** 20-May-20

**ELECTRONIC FILE NAME:** NOTIFICACION DE DEMANDA - CANOPIUS LLOYD'S SYNDICATE 4444(1)(1) (00580561xA9C01)

**SOURCE LANGUAGE:** Spanish

**TARGET LANGUAGE:** English

**TRANSPERFECT JOB ID:** US0706871

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

[logo:] COMMONWEALTH
OF PUERTO RICO
GENERAL COURT

Commonwealth of Puerto Rico
GENERAL COURT OF JUSTICE
**Court of First Instance**
Courtroom (☒Superior, ☐ Municipal of) MAYAGUEZ

| | |
|---|---|
| GREEN ENTERPRISES, LLC | CASE NO.:   MZ2020CV00371 |
| Name of Plaintiff(s) | |
| v. | Courtroom No. |
| DUAL CORPORATE RISKS LIMITED, ET AL. | Civil Action for:   DECLARATORY JUDGMENT; ET AL. |
| Name of the Defendant(s) | Matter or Subject |

### NOTIFICATION OF LEGAL ACTION AND REQUEST FOR WAIVER OF SERVICE OF PROCESS

To:          CANOPIUS LLOYD'S SYNDICATE 4444

(Name of the Defendant)

Address:     One Creechurch Place, London EC3A 5AF, United Kingdom

By means of this letter, I hereby notify you that legal action has been filed against you (or the entity you represent) in the case shown above. I am attaching a true and exact copy of the complaint filed, from which you may obtain all of the details about the aforementioned complaint. In addition, in accordance with the provisions of Rule 4.5 of the Rules of Civil Procedure of Puerto Rico, I hereby request you to sign a waiver for the personal service of process that was issued in your name, so that the expense that procedure entails can be avoided.

If you agree to the requested waiver, you must complete and sign the back of this request and return it in the pre-addressed stamped envelope included within twenty (20) days of the postmark date of this request or within thirty (30) days of that date if you are outside of Puerto Rico.

Once you return this document duly completed and signed by you, then you must appear before the court and the action will proceed as if you had been served on the date you agreed to the waiver. You must answer the complaint within thirty (30) days of the date you mailed the duly completed waiver.

If you choose not to grant the waiver, then the Plaintiff will proceed to serve you in accordance with Rule 4 of the Rules of Civil Procedure of Puerto Rico and to ask the court to impose payment of the expense for any service of process, including attorney's fees, on you. With regard to this subject, please read the explanation on the back of this form.

I hereby certify that I have sent this request with a copy of the complaint and a pre-addressed stamped envelope, this day, 24th of April, 2020.

José A. Andréu Fuentes

(Name of the Legal Representative or Party Representing Himself/Herself)
[signature]

(Name of the Legal Representative or Party Representing Himself/Herself)
9088

(Legal Representative's Number with the Supreme Court, if applicable)
261 Ave. Domenech, San Juan, Puerto Rico 00918

(Name of the Legal Representative or Party Representing Himself/Herself)
jaf@andreu-sagardia.com

(Email Address, if any)
(787) 754-1777 / (787) 763-8045

(Phone Number) (Fax Number)

## WAIVER OF SERVICE OF PROCESS

To: _____
(Name of the Defendant)

Address: _____

      I, _____, the Defendant, hereby acknowledge receipt of this Request for Waiver of Service and a copy, which were sent by you in the case shown above. I also acknowledge receipt of a copy of the legal action filed in the case and a pre-addressed stamped envelope in which I will be able to return this document, at no cost to myself, once it is signed.

      I agree to economize on the costs for service of process and sending an additional copy of the complaint. As such, I hereby waive the personal service of process, as provided for in Rule 4 of the Rules of Civil Procedure of Puerto Rico. However, I retain the right to request transfer of the case to a competent courtroom and to present any defenses or objections that may exist regarding the cause of the action or the jurisdiction of the court, with the exception of those defenses relating to defects in the service of this process. I hereby certify that my waiver is voluntary and is not the result of coercion.

      I understand that the court may find me to be in contempt, if I do not provide an answer to the complaint or file a corresponding motion within thirty (30) days of this document having been sent.

      Sent this day, ____ _____, _____.

_____
(Signature of the Defendant)

### Duty to Avoid Expenses for Service of Process

      Rule 4.5 of the Rules of Civil Procedure of Puerto Rico requires, with a few exceptions, that the Defendant avoid the costs of service of process and of the complaint. Therefore, if the Defendant does not waive service of process after having been notified of the legal action filed against it, and such a waiver has been requested, then it must bear the costs of service, unless it proves just cause. It will not constitute just cause for refusing to waive any service of process whenever the Defendant deems the complaint has no merit or that it was filed in a court without competence or jurisdiction over the matter, the person or the property.

      The Defendant waiving the service of process retains all defenses and objections. As such, it may present them at a later date, except those relating to the service of process or how it was made. It may also request the transfer of the case to a competent court, if it deems it to be admissible.

      Any Defendant waiving the service of process must provide the legal representative of the Plaintiff or the party representing himself/herself the corresponding document answering the complaint and must submit it to the court within the period of time provided for in the request for a waiver. By waiving the service of process, the Defendant may have a longer period of time to answer the complaint than if it had been served on the date it received the request for a waiver of service. If an answer or motion is not provided within that period of time, the court may hold the Defendant in contempt and subsequently rule against it, or any other remedy, if the court, in the exercise of its sound discretion, considers it appropriate.



**DATE OF TRANSLATION:**          20-May-20

**ELECTRONIC FILE NAME:**      NOTIFICACION DE DEMANDA - DUAL CORPORATE(1)(1) (00580565xA9C01)

**SOURCE LANGUAGE:**        Spanish

**TARGET LANGUAGE:**         English

**TRANSPERFECT JOB ID:**       US0706871

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

[logo:] COMMONWEALTH
OF PUERTO RICO
GENERAL COURT

Commonwealth of Puerto Rico
GENERAL COURT OF JUSTICE
**Court of First Instance**
Courtroom (☒Superior, ☐ Municipal of) Mayaguez

| | |
|---|---|
| GREEN ENTERPRISES, LLC | CASE NO.:   MZ2020CV00371 |
| Name of Plaintiff(s) | |
| v. | Courtroom No. |
| DUAL CORPORATE RISKS LIMITED, ET AL. | Civil Action for:   Declaratory Judgment; et al. |
| Name of the Defendant(s) | Matter or Subject |

### NOTIFICATION OF LEGAL ACTION AND REQUEST FOR WAIVER OF SERVICE OF PROCESS

To:          DUAL CORPORATE RISKS LIMITED
                                    (Name of the Defendant)

Address:      One Creechurch Place, London EC3A 5AF, United Kingdom

By means of this letter, I hereby notify you that legal action has been filed against you (or the entity you represent) in the case shown above. I am attaching a true and exact copy of the complaint filed, from which you may obtain all of the details about the aforementioned complaint. In addition, in accordance with the provisions of Rule 4.5 of the Rules of Civil Procedure of Puerto Rico, I hereby request you to sign a waiver for the personal service of process that was issued in your name, so that the expense that procedure entails can be avoided.

If you agree to the requested waiver, you must complete and sign the back of this request and return it in the pre-addressed stamped envelope included within twenty (20) days of the postmark date of this request or within thirty (30) days of that date if you are outside of Puerto Rico.

Once you return this document duly completed and signed by you, then you must appear before the court and the action will proceed as if you had been served on the date you agreed to the waiver. You must answer the complaint within thirty (30) days of the date you mailed the duly completed waiver.

If you choose not to grant the waiver, then the Plaintiff will proceed to serve you in accordance with Rule 4 of the Rules of Civil Procedure of Puerto Rico and to ask the court to impose payment of the expense for any service of process, including attorney's fees, on you. With regard to this subject, please read the explanation on the back of this form.

I hereby certify that I have sent this request with a copy of the complaint and a pre-addressed stamped envelope, this day, 24ᵗʰ of April, 2020.

| |
|---|
| José A. Andréu Fuentes |
| (Name of the Legal Representative or Party Representing Himself/Herself) [signature] |
| (Name of the Legal Representative or Party Representing Himself/Herself) 9088 |
| (Legal Representative's Number with the Supreme Court, if applicable) 261 Ave. Domenech, San Juan, Puerto Rico 00918 |
| (Name of the Legal Representative or Party Representing Himself/Herself) jaf@andreu-sagardia.com |
| (Email Address, if any) (787) 754-1777 / (787) 763-8045 |
| (Phone Number) (Fax Number) |

## WAIVER OF SERVICE OF PROCESS

To: _____

(Name of the Defendant)

Address: _____

I, _____, the Defendant, hereby acknowledge receipt of this Request for Waiver of Service and a copy, which were sent by you in the case shown above. I also acknowledge receipt of a copy of the legal action filed in the case and a pre-addressed stamped envelope in which I will be able to return this document, at no cost to myself, once it is signed.

I agree to economize on the costs for service of process and sending an additional copy of the complaint. As such, I hereby waive the personal service of process, as provided for in Rule 4 of the Rules of Civil Procedure of Puerto Rico. However, I retain the right to request transfer of the case to a competent courtroom and to present any defenses or objections that may exist regarding the cause of the action or the jurisdiction of the court, with the exception of those defenses relating to defects in the service of this process. I hereby certify that my waiver is voluntary and is not the result of coercion.

I understand that the court may find me to be in contempt, if I do not provide an answer to the complaint or file a corresponding motion within thirty (30) days of this document having been sent.

Sent this day, _____ _____, _____.

_____

(Signature of the Defendant)

### Duty to Avoid Expenses for Service of Process

Rule 4.5 of the Rules of Civil Procedure of Puerto Rico requires, with a few exceptions, that the Defendant avoid the costs of service of process and of the complaint. Therefore, if the Defendant does not waive service of process after having been notified of the legal action filed against it, and such a waiver has been requested, then it must bear the costs of service, unless it proves just cause. It will not constitute just cause for refusing to waive any service of process whenever the Defendant deems the complaint has no merit or that it was filed in a court without competence or jurisdiction over the matter, the person or the property.

The Defendant waiving the service of process retains all defenses and objections. As such, it may present them at a later date, except those relating to the service of process or how it was made. It may also request the transfer of the case to a competent court, if it deems it to be admissible.

Any Defendant waiving the service of process must provide the legal representative of the Plaintiff or the party representing himself/herself the corresponding document answering the complaint and must submit it to the court within the period of time provided for in the request for a waiver. By waiving the service of process, the Defendant may have a longer period of time to answer the complaint than if it had been served on the date it received the request for a waiver of service. If an answer or motion is not provided within that period of time, the court may hold the Defendant in contempt and subsequently rule against it, or any other remedy, if the court, in the exercise of its sound discretion, considers it appropriate.


**DATE OF TRANSLATION:**          20-May-20

**ELECTRONIC FILE NAME:**          NOTIFICACION DE DEMANDA - HISCOX SYNDICATES(1)(1)
(00580564xA9C01)

**SOURCE LANGUAGE:**          Spanish

**TARGET LANGUAGE:**          English

**TRANSPERFECT JOB ID:**          US0706871

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

[logo:] COMMONWEALTH
OF PUERTO RICO
GENERAL COURT

Commonwealth of Puerto Rico
GENERAL COURT OF JUSTICE
**Court of First Instance**
Courtroom (☒Superior, ☐ Municipal of) MAYAGUEZ

| | |
|---|---|
| GREEN ENTERPRISES, LLC | CASE NO.:    MZ2020CV00371 |
| Name of Plaintiff(s) | |
| v. | Courtroom No. |
| DUAL CORPORATE RISKS LIMITED, ET AL. | Civil Action for:    DECLARATORY JUDGMENT; ET AL. |
| Name of the Defendant(s) | Matter or Subject |

### NOTIFICATION OF LEGAL ACTION AND REQUEST FOR WAIVER OF SERVICE OF PROCESS

To:         HISCOX SYNDICATES LIMITED AT LLOYD'S OF LONDON
                                    (Name of the Defendant)

Address:      One Creechurch Place, London EC3A 5AF, United Kingdom

By means of this letter, I hereby notify you that legal action has been filed against you (or the entity you represent) in the case shown above. I am attaching a true and exact copy of the complaint filed, from which you may obtain all of the details about the aforementioned complaint. In addition, in accordance with the provisions of Rule 4.5 of the Rules of Civil Procedure of Puerto Rico, I hereby request you to sign a waiver for the personal service of process that was issued in your name, so that the expense that procedure entails can be avoided.

If you agree to the requested waiver, you must complete and sign the back of this request and return it in the pre-addressed stamped envelope included within twenty (20) days of the postmark date of this request or within thirty (30) days of that date if you are outside of Puerto Rico.

Once you return this document duly completed and signed by you, then you must appear before the court and the action will proceed as if you had been served on the date you agreed to the waiver. You must answer the complaint within thirty (30) days of the date you mailed the duly completed waiver.

If you choose not to grant the waiver, then the Plaintiff will proceed to serve you in accordance with Rule 4 of the Rules of Civil Procedure of Puerto Rico and to ask the court to impose payment of the expense for any service of process, including attorney's fees, on you. With regard to this subject, please read the explanation on the back of this form.

I hereby certify that I have sent this request with a copy of the complaint and a pre-addressed stamped envelope, this day, 24ᵗʰ of April, 2020..

| |
|---|
| José A. Andréu Fuentes |
| (Name of the Legal Representative or Party Representing Himself/Herself) [signature] |
| (Name of the Legal Representative or Party Representing Himself/Herself) 9088 |
| (Legal Representative's Number with the Supreme Court, if applicable) 261 Ave. Domenech, San Juan, Puerto Rico 00918 |
| (Name of the Legal Representative or Party Representing Himself/Herself) jaf@andreu-sagardia.com |
| (Email Address, if any) (787) 754-1777 / (787) 763-8045 |
| (Phone Number) (Fax Number) |

## WAIVER OF SERVICE OF PROCESS

To: _____
(Name of the Defendant)

Address: _____

I, _____, the Defendant, hereby acknowledge receipt of this Request for Waiver of Service and a copy, which were sent by you in the case shown above. I also acknowledge receipt of a copy of the legal action filed in the case and a pre-addressed stamped envelope in which I will be able to return this document, at no cost to myself, once it is signed.

I agree to economize on the costs for service of process and sending an additional copy of the complaint. As such, I hereby waive the personal service of process, as provided for in Rule 4 of the Rules of Civil Procedure of Puerto Rico. However, I retain the right to request transfer of the case to a competent courtroom and to present any defenses or objections that may exist regarding the cause of the action or the jurisdiction of the court, with the exception of those defenses relating to defects in the service of this process. I hereby certify that my waiver is voluntary and is not the result of coercion.

I understand that the court may find me to be in contempt, if I do not provide an answer to the complaint or file a corresponding motion within thirty (30) days of this document having been sent.

Sent this day, ____ _____, _____.

_____
(Signature of the Defendant)

### Duty to Avoid Expenses for Service of Process

Rule 4.5 of the Rules of Civil Procedure of Puerto Rico requires, with a few exceptions, that the Defendant avoid the costs of service of process and of the complaint. Therefore, if the Defendant does not waive service of process after having been notified of the legal action filed against it, and such a waiver has been requested, then it must bear the costs of service, unless it proves just cause. It will not constitute just cause for refusing to waive any service of process whenever the Defendant deems the complaint has no merit or that it was filed in a court without competence or jurisdiction over the matter, the person or the property.

The Defendant waiving the service of process retains all defenses and objections. As such, it may present them at a later date, except those relating to the service of process or how it was made. It may also request the transfer of the case to a competent court, if it deems it to be admissible.

Any Defendant waiving the service of process must provide the legal representative of the Plaintiff or the party representing himself/herself the corresponding document answering the complaint and must submit it to the court within the period of time provided for in the request for a waiver. By waiving the service of process, the Defendant may have a longer period of time to answer the complaint than if it had been served on the date it received the request for a waiver of service. If an answer or motion is not provided within that period of time, the court may hold the Defendant in contempt and subsequently rule against it, or any other remedy, if the court, in the exercise of its sound discretion, considers it appropriate.



**DATE OF TRANSLATION:**       20-May-20

**ELECTRONIC FILE NAME:**       NOTIFICACION DE DEMANDA - NOA LLOYD'S SYNDICATE 3902(1) (00580560xA9C01)

**SOURCE LANGUAGE:**       Spanish

**TARGET LANGUAGE:**       English

**TRANSPERFECT JOB ID:**       US0706871

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

[logo:] COMMONWEALTH
OF PUERTO RICO
GENERAL COURT

Commonwealth of Puerto Rico
GENERAL COURT OF JUSTICE
**Court of First Instance**
Courtroom (☒Superior,  ☐  Municipal of) MAYAGUEZ

| | |
|---|---|
| GREEN ENTERPRISES, LLC | CASE NO.:   MZ2020CV00371 |
| Name of Plaintiff(s) | |
| v. | Courtroom No. |
| DUAL CORPORATE RISKS LIMITED, ET AL. | Civil Action for:   DECLARATORY JUDGMENT; ET AL. |
| Name of the Defendant(s) | Matter or Subject |

**NOTIFICATION OF LEGAL ACTION AND REQUEST FOR WAIVER OF SERVICE OF PROCESS**

To:        NOA LLOYD'S SYNDICATE 3902
                                               (Name of the Defendant)

Address:      One Creechurch Place, London EC3A 5AF, United Kingdom

By means of this letter, I hereby notify you that legal action has been filed against you (or the entity you represent) in the case shown above. I am attaching a true and exact copy of the complaint filed, from which you may obtain all of the details about the aforementioned complaint. In addition, in accordance with the provisions of Rule 4.5 of the Rules of Civil Procedure of Puerto Rico, I hereby request you to sign a waiver for the personal service of process that was issued in your name, so that the expense that procedure entails can be avoided.

If you agree to the requested waiver, you must complete and sign the back of this request and return it in the pre-addressed stamped envelope included within twenty (20) days of the postmark date of this request or within thirty (30) days of that date if you are outside of Puerto Rico.

Once you return this document duly completed and signed by you, then you must appear before the court and the action will proceed as if you had been served on the date you agreed to the waiver. You must answer the complaint within thirty (30) days of the date you mailed the duly completed waiver.

If you choose not to grant the waiver, then the Plaintiff will proceed to serve you in accordance with Rule 4 of the Rules of Civil Procedure of Puerto Rico and to ask the court to impose payment of the expense for any service of process, including attorney's fees, on you. With regard to this subject, please read the explanation on the back of this form.

I hereby certify that I have sent this request with a copy of the complaint and a pre-addressed stamped envelope, this day, 24th of April, 2020..

|  |
|---|
| José A. Andréu Fuentes |
| (Name of the Legal Representative or Party Representing Himself/Herself) [signature] |
| (Name of the Legal Representative or Party Representing Himself/Herself) 9088 |
| (Legal Representative's Number with the Supreme Court, if applicable) 261 Ave. Domenech, San Juan, Puerto Rico 00918 |
| (Name of the Legal Representative or Party Representing Himself/Herself) jaf@andreu-sagardia.com |
| (Email Address, if any) (787) 754-1777 / (787) 763-8045 |
| (Phone Number) (Fax Number) |

## WAIVER OF SERVICE OF PROCESS

To: _____
(Name of the Defendant)

Address: _____

    I, _____, the Defendant, hereby acknowledge receipt of this Request for Waiver of Service and a copy, which were sent by you in the case shown above. I also acknowledge receipt of a copy of the legal action filed in the case and a pre-addressed stamped envelope in which I will be able to return this document, at no cost to myself, once it is signed.

    I agree to economize on the costs for service of process and sending an additional copy of the complaint. As such, I hereby waive the personal service of process, as provided for in Rule 4 of the Rules of Civil Procedure of Puerto Rico. However, I retain the right to request transfer of the case to a competent courtroom and to present any defenses or objections that may exist regarding the cause of the action or the jurisdiction of the court, with the exception of those defenses relating to defects in the service of this process. I hereby certify that my waiver is voluntary and is not the result of coercion.

    I understand that the court may find me to be in contempt, if I do not provide an answer to the complaint or file a corresponding motion within thirty (30) days of this document having been sent.

    Sent this day, ____ _____, _____.


_____
(Signature of the Defendant)

### Duty to Avoid Expenses for Service of Process

    Rule 4.5 of the Rules of Civil Procedure of Puerto Rico requires, with a few exceptions, that the Defendant avoid the costs of service of process and of the complaint. Therefore, if the Defendant does not waive service of process after having been notified of the legal action filed against it, and such a waiver has been requested, then it must bear the costs of service, unless it proves just cause. It will not constitute just cause for refusing to waive any service of process whenever the Defendant deems the complaint has no merit or that it was filed in a court without competence or jurisdiction over the matter, the person or the property.

    The Defendant waiving the service of process retains all defenses and objections. As such, it may present them at a later date, except those relating to the service of process or how it was made. It may also request the transfer of the case to a competent court, if it deems it to be admissible.

    Any Defendant waiving the service of process must provide the legal representative of the Plaintiff or the party representing himself/herself the corresponding document answering the complaint and must submit it to the court within the period of time provided for in the request for a waiver. By waiving the service of process, the Defendant may have a longer period of time to answer the complaint than if it had been served on the date it received the request for a waiver of service. If an answer or motion is not provided within that period of time, the court may hold the Defendant in contempt and subsequently rule against it, or any other remedy, if the court, in the exercise of its sound discretion, considers it appropriate.



**DATE OF TRANSLATION:**      20-May-20

**ELECTRONIC FILE NAME:**      NOTIFICACION DE DEMANDA - X1 CATLIN LLOYD'S SYNDICATE 2003(1)(1) (00580563xA9C01)

**SOURCE LANGUAGE:**      Spanish

**TARGET LANGUAGE:**      English

**TRANSPERFECT JOB ID:**      US0706871

TransPerfect is globally certified under the standards ISO 9001:2015 and ISO 17100:2015. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TCert v. 2.0

[logo:] COMMONWEALTH
OF PUERTO RICO
GENERAL COURT

Commonwealth of Puerto Rico
GENERAL COURT OF JUSTICE
**Court of First Instance**
Courtroom (☒Superior, ☐ Municipal of) M̲AYAGUEZ

| | |
|---|---|
| GREEN ENTERPRISES, LLC | CASE NO.:  MZ2020CV00371 |
| Name of Plaintiff(s) | |
| v. | Courtroom No. |
| DUAL CORPORATE RISKS LIMITED, ET AL. | Civil Action for:  DECLARATORY JUDGMENT; ET AL. |
| Name of the Defendant(s) | Matter or Subject |

### NOTIFICATION OF LEGAL ACTION AND REQUEST FOR WAIVER OF SERVICE OF PROCESS

To:          X1 CATLIN LLOYD'S SYNDICATE 2003
                                   (Name of the Defendant)

Address:      One Creechurch Place, London EC3A 5AF, United Kingdom

By means of this letter, I hereby notify you that legal action has been filed against you (or the entity you represent) in the case shown above. I am attaching a true and exact copy of the complaint filed, from which you may obtain all of the details about the aforementioned complaint. In addition, in accordance with the provisions of Rule 4.5 of the Rules of Civil Procedure of Puerto Rico, I hereby request you to sign a waiver for the personal service of process that was issued in your name, so that the expense that procedure entails can be avoided.

If you agree to the requested waiver, you must complete and sign the back of this request and return it in the pre-addressed stamped envelope included within twenty (20) days of the postmark date of this request or within thirty (30) days of that date if you are outside of Puerto Rico.

Once you return this document duly completed and signed by you, then you must appear before the court and the action will proceed as if you had been served on the date you agreed to the waiver. You must answer the complaint within thirty (30) days of the date you mailed the duly completed waiver.

If you choose not to grant the waiver, then the Plaintiff will proceed to serve you in accordance with Rule 4 of the Rules of Civil Procedure of Puerto Rico and to ask the court to impose payment of the expense for any service of process, including attorney's fees, on you. With regard to this subject, please read the explanation on the back of this form.

I hereby certify that I have sent this request with a copy of the complaint and a pre-addressed stamped envelope, this day, 24t̲h̲ of A̲pril, 2020..

| |
|---|
| José A. Andréu Fuentes |
| (Name of the Legal Representative or Party Representing Himself/Herself) [signature] |
| (Name of the Legal Representative or Party Representing Himself/Herself) 9088 |
| (Legal Representative's Number with the Supreme Court, if applicable) 261 Ave. Domenech, San Juan, Puerto Rico 00918 |
| (Name of the Legal Representative or Party Representing Himself/Herself) jaf@andreu-sagardia.com |
| (Email Address, if any) (787) 754-1777 / (787) 763-8045 |
| (Phone Number) (Fax Number) |

## WAIVER OF SERVICE OF PROCESS

To: _____

(Name of the Defendant)

Address: _____

I, _____, the Defendant, hereby acknowledge receipt of this Request for Waiver of Service and a copy, which were sent by you in the case shown above. I also acknowledge receipt of a copy of the legal action filed in the case and a pre-addressed stamped envelope in which I will be able to return this document, at no cost to myself, once it is signed.

I agree to economize on the costs for service of process and sending an additional copy of the complaint. As such, I hereby waive the personal service of process, as provided for in Rule 4 of the Rules of Civil Procedure of Puerto Rico. However, I retain the right to request transfer of the case to a competent courtroom and to present any defenses or objections that may exist regarding the cause of the action or the jurisdiction of the court, with the exception of those defenses relating to defects in the service of this process. I hereby certify that my waiver is voluntary and is not the result of coercion.

I understand that the court may find me to be in contempt, if I do not provide an answer to the complaint or file a corresponding motion within thirty (30) days of this document having been sent.

Sent this day, _____ _____, _____.

_____

(Signature of the Defendant)

### Duty to Avoid Expenses for Service of Process

Rule 4.5 of the Rules of Civil Procedure of Puerto Rico requires, with a few exceptions, that the Defendant avoid the costs of service of process and of the complaint. Therefore, if the Defendant does not waive service of process after having been notified of the legal action filed against it, and such a waiver has been requested, then it must bear the costs of service, unless it proves just cause. It will not constitute just cause for refusing to waive any service of process whenever the Defendant deems the complaint has no merit or that it was filed in a court without competence or jurisdiction over the matter, the person or the property.

The Defendant waiving the service of process retains all defenses and objections. As such, it may present them at a later date, except those relating to the service of process or how it was made. It may also request the transfer of the case to a competent court, if it deems it to be admissible.

Any Defendant waiving the service of process must provide the legal representative of the Plaintiff or the party representing himself/herself the corresponding document answering the complaint and must submit it to the court within the period of time provided for in the request for a waiver. By waiving the service of process, the Defendant may have a longer period of time to answer the complaint than if it had been served on the date it received the request for a waiver of service. If an answer or motion is not provided within that period of time, the court may hold the Defendant in contempt and subsequently rule against it, or any other remedy, if the court, in the exercise of its sound discretion, considers it appropriate.